In the Matter of the Judicial Settlement of the Estate of JOHN
HAYES, Deceased.

JOHN R. HAYES, Appellant; WILLIAM A. HAYES, Respondent.

(*Supreme Court, App. Div., First Department, April* 20, 1916.)

EXECUTORS AND ADMINISTRATORS—REMOVAL FOR NEGLECT OR REFUSAL TO
OBEY DIRECTION OF SURROGATE*—FORM OF·DECREE FOR REMOVAL.

A decree under section 2569 of the Code of Civil Procedure, removing
an executor for refusal or neglect to obey a direction of the surrogate,
should contain an adjudication or recital that the refusal to comply with
the decree was willful, or that his failure or neglect so to do was *without
good cause,* one of which is a prerequisite to the granting of such a
decree.

A decree or order under said section should be in the alternative,·
requiring the executor to comply with the former decree of the court
within a time specified, and in default thereof that he be removed and his
letters revoked.

Hence, where a citation required an executor to show cause why an
order should not be made directing him to countersign a check with his
co-executor for the payment of an indebtedness due to his co-executor,
"or upon refusal to be removed as such co-executor," the executor
should be afforded an opportunity to sign the check ·upon the court's
deciding that it is his duty so to do before being removed.

DOWLING and DAVIS, JJ., dissented.

APPEAL by John R. Hayes from a decree of the Surrogate's
Court of the county of New York, entered in the office of said
Surrogate's Court on the 18th day of January, 1916, removing
him as executor of the estate of John Hayes, deceased, and also
from an order entered in the office of said Surrogate's Court on
the 13th day of January, 1916, denying his motion for a reargu-
ment of an application made by the respondent for an order
directing him to sign certain checks or show cause why he
should not be removed as executor of this estate.

Edwin V. Guinan and T. Louis A. Britt, for the appellant.

Antonio Ferme, for the respondent.

---

* See Note, Vol. III, p. 494.

LAUGHLIN, J. — The decree, according to the recitals therein, was based on the failure, neglect and refusal of the appellant to obey the order and direction contained in a decree in this proceeding, dated and entered on the 7th day of June, 1915; and it is claimed that it was authorized by section 2569, subdivision 3, of the Code of Civil Procedure (as amd. by Laws of 1914, ch. 443). That section authorizes the removal of an executor where a citation has been issued, upon a petition as therein provided, requiring him to show cause why such a decree should not be made " Where he has wilfully refused, or, without good cause, neglected, to obey any lawful direction of the surrogate contained in a decree or order, or any provision of law relating to the discharge of his duty." The decree contains no adjudication or even recital that the refusal of the appellant to comply with the decree was *willful,* or that his failure or neglect so to do was *without good cause,* one of which we think was a prerequisite to the granting of such a decree. Moreover, we are of opinion that the decree should have been in the alternative requiring him to comply with the former decree of the court within a time specified and in default thereof that he be removed and his letters revoked.

The petition, upon which the citation issued, was made by the appellant's coexecutor. It showed, among other things, that a decree was made in this proceeding on the 17th day of September, 1913, which provided that the appellant's coexecutor was entitled to be reimbursed from the estate the sum of $1,219.92 for moneys expended by him personally in preserving the estate, and the further sum of $292.22, as commissions, making a total of $1,512.14; that at the time the executors had no funds from which said amounts could be deducted; that subsequently the sum of $1,287.64 was received by the executors and deposited in the Fifth National Bank to the credit of the estate, which could be withdrawn only on a check signed by both executors; that the appellant refused to sign a check for the reimbursement of his coexecutor, on the ground that the

decree did not contain a specific direction requiring both executors to join in making the payment, and on that ground a former application requiring the appellant to show cause why he should not join in drawing a check, or be removed, was denied, and that subsequently and on the 7th day of June, 1915, the former decree was amended by incorporating therein an express provision requiring both executors to make the payment. The petition prayed that a citation issue requiring the appellant to show cause why he should not, as executor, sign checks for such payment in accordance with the decree of June 7, 1915, or be removed as executor. The citation issued on the petition required the appellant to show cause why an order should not be made directing him to countersign checks with his coexecutor for the payment of the indebtedness due to his coexecutor, " or upon refusal to be removed as such coexecutor, and for such other relief as may be just in the premises." On the return of the citation the appellant defaulted, and when his attention was drawn thereto by a notice of settlement of a proposed decree reciting his default, he claimed that the citation had not been served upon him. The default was then opened by consent and the motion was restored to the calendar for hearing, and evidently was heard the next day, but, so far as appears, no order was entered thereon. The appellant then, upon an affidavit showing, among other things, that the citation was not served upon him; that he had not sufficient time before the argument of the motion on the default being opened to prepare an affidavit in opposition; that he had not refused to sign a check after the decree had been so amended on the 7th day of June, 1915; that he had been advised by counsel that there should have been an intermediate accounting after the money was received by the executors before they were warranted in disbursing it; that he had acted in good faith, and with a view to protecting the interests of the estate in which minors were the principal beneficiaries; that he had never willfully disobeyed any order of the court, and never intended so to do,

and that he was ready and willing to comply with any direction which the court may see fit to make — obtained an order to show cause why there should not be a reargument of the motion and a stay of proceedings. The decree from which the appeal is taken was made on the reargument of the motion. On such reargument an affidavit was presented tending to show that there was an error in the affidavit of service of the citation with respect to the place of service, but that service was actually made at another place, and to the effect also that the appellant's objection that there should be an intermediate accounting was not made in good faith, for the reason that he had signed not less than twelve other checks for the withdrawal of money subsequent to the making of the decree in 1913.

We are of opinion that from the form of the citation the appellant was entitled to be afforded an opportunity to sign the check upon the court's deciding that it was his duty so to do before being removed. The decree, therefore should be amended so as to require him to sign and deliver to his coexecutor, or to the attorney for the latter, a check for the payment of his coexecutor, in an amount not in excess of the amount to the credit of the estate, within twenty-four hours after the service of the decree as so amended upon his attorney, and that upon proof of his failure so to do an *ex parte* order may be entered removing him and revoking his letters testamentary, and as so amended affirmed, without costs.

CLARKE, P. J., and PAGE, J., concurred; DOWLING and DAVIS, JJ., dissented.

Decree modified as directed in opinion, and as modified affirmed, without costs. Order to be settled on notice.