103 P.3d 738 (2004)
153 Wash.2d 228
STATE of Washington, Respondent,
v.
Melody Ann HARNER, Petitioner.
State of Washington, Respondent,
v.
Kathryn S. Keithley, Appellant.
Nos. 74460-2, 75337-7.
Supreme Court of Washington, En Banc.
Argued September 14, 2004.
Decided December 23, 2004.
As Amended on Denial of Reconsideration February 17, 2005.
*740 Peter B. Tiller, Rock & Pine, Centralia, John David Blair-Loy, Spokane, for Petitioner.
Andrea Vingo, Grays Harbor County Prosecutors Office, Montesano, John Allan Troberg, Colville, for Respondent.
Magda Rona Baker, Seattle, for Amicus Curiae Washington Association of Criminal Defense Lawyers.
James Morrissey Whisman, King County Prosecutor's Office, Seattle, Pamela Beth Loginsky, Washington Assoc. of Prosecuting Attorneys, Olympia, for Amicus Curiae Washington Association of Prosecuting Attorneys.
JOHNSON, J.
These consolidated cases require us to determine whether the absence of a drug court in the county where a defendant is charged violates that defendant's rights to equal protection or due process. The Washington State Legislature has enabled counties to promulgate drug courts under RCW 2.28.170. We accepted review of State v. Harner, from Division Two of the Court of Appeals and then granted a motion to transfer State v. Keithley from Division Three of the Court of Appeals, consolidating the cases because they present us with identical issues. Petitioners challenge their convictions and urge us to dismiss the charges against them on the basis of constitutional violations. We affirm the judgments and sentences entered by the trial courts.

FACTUAL AND PROCEDURAL HISTORY

State v. Harner
On October 14, 2001, Melody Harner was arrested in Montesano, Washington, for driving with a suspended license. While conducting a search incident to the arrest, the police officer found a syringe loaded with methamphetamine in Harner's purse. Harner was charged in Grays Harbor County with possession of methamphetamine under RCW 69.50.401(d), a felony. Clerks Papers 1(CP1) at 39.[1]
Before trial, Harner sought to either have her case diverted to drug court in Thurston County because Grays Harbor County had not established a drug court program or, in the alternative, to have her case dismissed. Harner argued that the unavailability of a drug court program violated her rights to equal protection and due process. The trial court denied Harner's motion. Harner was convicted and sentenced to 45 days confinement and 12 months of community custody. CP1 at 39-43.
Harner filed an appeal with Division Two of the Court of Appeals. The State filed a motion on the merits in response to her appeal. Relying on that court's decision in State v. Little, 116 Wash.App. 346, 66 P.3d 1099, review denied, 150 Wash.2d 1019, 81 P.3d 119 (2003), the commissioner of the Court of Appeals affirmed Harner's judgment and sentence, ruling that Grays Harbor County's failure to offer a drug court did not violate Harner's right to equal protection. The commissioner further ruled that Harner's right to due process was not violated because Harner did not have a right to participate in drug court. Specifically, the commissioner stated that the legislature had the authority to allow counties to choose whether to establish a drug court under Little. The Court of Appeals denied Harner's motion to modify the commissioner's ruling.

State v. Keithley
On March 19, 2003, while crossing the border into the United States from Canada, Kathryn Keithley was arrested for possession of a controlled substance when a customs agent found cocaine in her purse pursuant to a search of her car. Keithley was charged with unlawful possession of a controlled substance in Stevens County under RCW 69.50.401(d), a felony. State v. Keithley Clerk's Papers (CP2) at 83-97. Keithley filed a motion to dismiss in the trial court, arguing the absence of a drug court in Stevens *741 County violated her rights to equal protection and due process. CP2 at 40-58. The trial court denied the motion.
After a bench trial, Keithley was convicted and sentenced to nine months of community custody. Although an intensive drug court treatment program was not available to Keithley, the trial court also ordered that she continue with mental health counseling and that she remain drug and alcohol free, which required her to submit to random drug tests. After we granted Harner's petition for review, Keithley was transferred to this court from Division Three of the Court of Appeals, and the cases were consolidated.

ANALYSIS
Harner and Keithley (Petitioners) urge us to dismiss the charges against them because the absence of a drug court in the counties where they were charged violates their rights to equal protection and due process. Petitioners' arguments center on whether RCW 2.28.170 is unconstitutional as applied.
In 1999, the Washington State Legislature enacted RCW 2.28.170, which enables counties in Washington to establish drug courts. The statute provides in pertinent part:
(1) Counties may establish and operate drug courts.
(2) For the purposes of this section, "drug court" means a court that has special calendars or dockets designed to achieve a reduction in recidivism and substance abuse among nonviolent, substance abusing offenders by increasing their likelihood for successful rehabilitation through early, continuous, and intense judicially supervised treatment; mandatory periodic drug testing; and the use of appropriate sanctions and other rehabilitation services.
RCW 2.28.170(1),(2). In enacting this statute, the legislature recognized the "utility of drug court programs in reducing recidivism and assisting the courts by diverting potential offenders from the normal course of criminal trial proceedings." LAWS OF 1999, ch. 197, § 7. In 2002, the statute was amended to provide minimum eligibility requirements.[2] While the legislature provided these eligibility requirements to further the legislative purpose of protecting the public from "the adverse impact of substance abuse and addiction on public safety," LAWS OF 2002, ch. 290, § 1, it did not provide a detailed scheme for counties to follow. Instead, the statute allows wide latitude to each individual county to develop the scope and implementation of its own drug court program, as long as the minimum requirements are met.[3] It follows that the current established drug court programs in Washington differ from county to county, but generally incorporate significant prosecutorial involvement.

Standing Claim
As a preliminary matter, we address the State's argument that Harner and Keithley lack standing to allege a violation of their constitutional rights to equal protection and due process. Particularly, the State argues that Harner and Keithley do not have standing because it is uncertain that either defendant would have been eligible for drug court had one been available in the counties where they were charged.
The State did not raise this issue during the trial court proceedings nor did it file an answer or a cross-petition for review raising the issue to this court. See RAP 13.4(d), 13.7(b); State v. Cardenas, 146 Wash.2d 400, 405, 47 P.3d 127, 57 P.3d 1156 (2002). Rather, the State raised this argument for the first time at oral argument before this court. The issue of standing is waived if not presented to the trial court and *742 is, therefore, not reviewable on appeal. Cardenas, 146 Wash.2d at 405, 47 P.3d 127. Because the State failed to raise the issue of Petitioners' standing at trial, the issue is waived and will not be reviewed by this court.

Equal Protection Claim
Petitioners first argue that the absence of drug courts in the counties where they were charged violates their right to equal protection under the Fourteenth Amendment to the United States Constitution and article I, section 12 of the Washington State Constitution. The "right" Petitioners contend that they have is a right to have their case adjudicated the same in the county where they were charged as in any other county in Washington. Petitioners do not assert that RCW 2.28.170 is unconstitutional; rather, they argue that the statute as applied violates their right to equal protection.
The Fourteenth Amendment provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." The Washington State Constitution provides:
No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations.
Const. art. I, § 12.[4] The right to equal protection guarantees that persons similarly situated with respect to a legitimate purpose of the law receive like treatment. In order to determine whether the equal protection clause has been violated, one of three tests is employed. First, strict scrutiny is applied when a classification affects a fundamental right or a suspect class. Second, intermediate scrutiny is applied when a classification affects both a liberty right and a semi-suspect class not accountable for its status. The third test is rational basis. Under this inquiry, the legislative classification is upheld unless the classification rests on grounds wholly irrelevant to the achievement of legitimate state objectives. See State v. Thorne, 129 Wash.2d 736, 770, 771, 921 P.2d 514 (1996). Petitioners have not shown a fundamental right exists to participate in a drug court program, nor is there any support to find drug offenders are a suspect or semi-suspect class. Therefore, the proper test to be applied here is rational basis.
While Petitioners allege that RCW 2.28.170 creates a classification, they have not established that the alleged classification rests on grounds wholly irrelevant to the achievement of legitimate state objectives. Protecting public safety by reducing recidivism and promoting efficient administration in county superior courts are legitimate state goals. See LAWS OF 1999, ch. 197, § 7. Importantly, the legislature has not mandated a uniform requirement that all counties establish a drug court. The combination of the permissive language of the statute and the stated legislative purpose creates a situation where counties may choose to create drug courts where those drug courts would accomplish the legislative goals, and the county chooses to devote resources necessary to support any such program. As the State argues, if counties were required to uniformly administer their pretrial diversion programs, they would no longer be able to uniquely tailor their programs to respond to that county's specific needs and resources. Because establishment of a drug court could effectively promote frugal use of state and local resources in one county but drain local and state resources in another, the structure of RCW 2.28.170 achieves the legislature's purpose of allowing each county the choice of establishing a drug court program and structuring any such program. We hold the absence of a drug court in a county where a defendant is charged does not violate that defendant's right to equal protection.

Due Process Claim
Petitioners also argue that the failure of Stevens and Grays Harbor Counties to *743 provide diversion through drug courts violates their right to due process. An individual's right to due process is protected by the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington State Constitution. Due process requires fair notice of proscribed criminal conduct and standards to prevent arbitrary enforcement. State v. Becker, 132 Wash.2d 54, 61, 935 P.2d 1321 (1997).
Petitioners do not maintain that they did not have notice of their proscribed criminal conduct. Rather, they argue that the failure of their respective counties to establish drug courts was arbitrary and capricious. Petitioners confuse the issue. Without challenging the constitutionality of the statute or alleging that a particular state action was arbitrary and capricious, it is unclear on what basis Petitioners allege a due process violation.
RCW 2.28.170 does not proscribe criminal conduct, mandate that counties establish drug courts, or create any right to treatment for drug offenders. Furthermore, no action was taken by Grays Harbor or Stevens Counties that may be challenged by the Petitioners. The legislature used permissive language when it enabled counties to establish drug courts under RCW 2.28.170; it gave counties broad discretion to decide whether to promulgate drug courts and how those drug courts would operate once established, allowing for experimentation. The legislature provided that the state would "[m]atch, on a dollar-for-dollar basis, state moneys allocated for drug court programs with local cash or in-kind resources," not that the state would fund the entire program. RCW 2.28.170(3)(a)(ii) (emphasis added). We cannot conclude that a county was arbitrary and capricious where the county failed to establish a program it is not required to establish by statute and where the program is funded in part by local resources.
The legislature was explicit that while counties may establish drug courts, the legislature was not creating "an entitlement for a criminal defendant to any specific sanction, alternative, sentence option, or substance abuse treatment." LAWS OF 2002, ch. 290, § 26. Drug offenders prosecuted in counties without drug courts have not been denied any right to participate in drug court because no constitutional due process right exists.

CONCLUSION
We hold that a defendant's rights to equal protection and due process are not violated by the absence of a drug court in the county where the defendant is charged. We affirm the judgments and sentences of the trial courts.
ALEXANDER, C.J. and BRIDGE, MADSEN, CHAMBERS, SANDERS, OWENS, IRELAND and FAIRHURST, JJ., concur.
NOTES
[1] The Clerks Papers from State v. Harner, No. 74460-2, will be cited as CP1.
[2] These requirements include the following: (1) the offender would benefit from substance abuse treatment; (2) the offender has not previously been convicted of a serious violent offense or sex offense as defined in RCW 9.94A.030(37),(38) and (3) the offender is not currently charged with or convicted of a sex offense or a serious violent offense during which the offender used a firearm or caused substantial or great bodily harm or death to another person. RCW 2.28.170(3)(b).
[3] See RCW 2.28.170(3)(b) ("Any county that establishes a drug court pursuant to this section shall establish minimum requirements for the participation of offenders in the program. The drug court may adopt local requirements that are more stringent than the minimum.").
[4] Petitioners have not argued that they were denied a "privilege" in violation of the Privileges and Immunities Clause of the Washington State Constitution. Even if we translate Keithley's argument that she has a fundamental right to participate in drug court to mean she was denied a "privilege" under this provision, no right or privilege exists that requires uniformity of process or procedures by all counties under RCW 2.28.170.