[No. 23533-5-III.   Division Three.   January 24, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTOPHER S. LINSSEN, *Appellant*.

*Charles Rosenberry*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *William J. Jennison, Deputies*, for respondent.

¶1 SWEENEY, J. — The Juvenile Justice Act of 1977, chapter 13.40 RCW, requires imposition of a "determinate disposition within the standard ranges" following revocation of a special sex offender disposition alternative (SSODA). RCW 13.40.160. Here, the court imposed and then suspended a 36-week commitment as part of a SSODA sentence. Christopher Linssen says the statute requires that the sentence be the range (here 15 to 36 weeks) rather than a specific period of time (the 36 weeks imposed by the court). The juvenile court disagreed and denied his motion to modify. We agree with the court and affirm the sentence.

## FACTS

¶2 Christopher Linssen pleaded guilty to indecent liberties. The court concluded that a disposition within the standard range was appropriate. And it concluded that Mr. Linssen was eligible for a suspended disposition under SSODA.

¶3 The procedure for a SSODA disposition is set out in RCW 13.40.160. It refers the court to a disposition grid. RCW 13.40.0357. The vertical "current offense category" columns and the horizontal "prior adjudications" columns intersect and provide a standard range disposition for the offense. Mr. Linssen's standard range was 15 to 36 weeks. RCW 13.40.160 then instructs the court to impose a determinate disposition within the standard range. Here, the court imposed a determinate sentence of 36 weeks, the maximum within the standard range, and then suspended this commitment pursuant to SSODA.

¶4 The State later moved to revoke the SSODA suspension. The juvenile court revoked the SSODA and imposed the suspended 36-week commitment. Mr. Linssen moved to modify this disposition. He wanted it to reflect the range only (15 to 36 weeks), not the fixed 36-week suspended sentence. The court denied his motion to modify.

## DISCUSSION

¶5 Mr. Linssen appeals the order denying his motion to modify. He has served the 36 weeks. He asks us, nonetheless, to review the issue as a matter of ongoing concern. The State agrees it is a matter of ongoing concern.

¶6 Mr. Linssen disputes the juvenile judge's interpretation of RCW 13.40.160. He contends that a "determinate disposition within the standard ranges" in the context of SSODA actually means "the standard range."

Issue Moot

¶7 We have the discretion to address an issue that is technically moot if it involves a matter of continuing and substantial public interest. *See, e.g., In re Marriage of Horner*, 151 Wn.2d 884, 891, 93 P.3d 124 (2004). We consider the public or private nature of the question, the need for an authoritative determination for future guidance to public officers, and the likelihood the question will recur.

*Id.* at 892. The interpretation of this statute (RCW 13-.40.160) is a question which may well come up again.

STANDARD RANGE DISPOSITION

■ ■ ¶8 We review a trial court's interpretation of a statute de novo. *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002). When the meaning of statutory language is plain, the only permissible interpretation is that which gives effect to the plain language. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). Only if a statute is ambiguous do we resort to canons of statutory construction to sort out its meaning. *State v. Roggenkamp*, 153 Wn.2d 614, 621, 106 P.3d 196 (2005).

■ ¶9 The language of this statute is clear. We need look no further than the plain language, therefore, to discover its meaning. A "determinate sentence" is one "for a fixed length of time." BLACK's LAW DICTIONARY 1394 (8th ed. 2004). The Sentencing Reform Act of 1981, chapter 9.94A RCW, also supports this definition of "determinate." A " '[d]eterminate sentence' means a sentence that states with exactitude the number of actual years, months, or days of total confinement." RCW 9.94A.030(17). By using "determinate disposition within the standard ranges" in RCW 13.40.160, the legislature fixed a number of weeks no lower than the low end and no higher than the high end of the standard range as determined by the sentencing grid.

¶10 The juvenile court correctly interpreted and applied the statute.

CONSTITUTIONAL IMPLICATIONS

¶11 Mr. Linssen next argues that to interpret the statute to require a fixed determinate sentence would violate his right to equal protection of law. This is because the statute imposes a determinate disposition on juvenile *sex* offenders but not on other juveniles. He argues a liberty interest is at stake—the right to a *minimum* term—and, therefore, heightened scrutiny is called for.

¶12 Equal protection requires that similarly situated persons receive similar treatment under the law. *State v. Harner*, 153 Wn.2d 228, 235, 103 P.3d 738 (2004). Our application of equal protection provisions varies depending on the nature of the interest at stake. *Id.* We apply strict scrutiny to classifications that affect fundamental rights or a suspect class. We apply intermediate scrutiny when both a liberty interest and a semisuspect class are affected. Otherwise, we apply the rational basis test. *State v. Coria*, 120 Wn.2d 156, 169-70, 839 P.2d 890 (1992).

¶13 Under the rational basis test, we will uphold a legislative classification so long as it rests on grounds having some relevance to achieving a legitimate state objective. *Harner*, 153 Wn.2d at 235-36; *Coria*, 120 Wn.2d at 171-72. A statute affecting physical liberty interests meets this standard if it is based on a legitimate state objective and is not totally irrelevant to achieving that objective. *State v. Manussier*, 129 Wn.2d 652, 673, 921 P.2d 473 (1996); *Coria*, 120 Wn.2d at 171-72.

¶14 We disagree with Mr. Linssen's argument that he has a fundamental right to the opportunity to serve the minimum term of the standard range. Juvenile sex offenders eligible for SSODAs are not a suspect class. And convicted juvenile offenders have no right to serve one permissible sentence or another. RCW 9.94A.340 (sentencing guidelines apply equally to all offenders); *State v. Gaines*, 121 Wn. App. 687, 697, 90 P.3d 1095 (2004). We will affirm, then, if we find any rational basis for imposing a determinate disposition instead of a disposition range on juvenile sex offenders. *State v. Shawn P.*, 122 Wn.2d 553, 561, 859 P.2d 1220 (1993).

¶15 A juvenile sex offender accepted into the SSODA program avoids incarceration by promising to complete a program of treatment in the community. Therefore, the State has an obligation, both to the offender and to the community, to incorporate into that scheme an incentive for compliance. Letting the young offender know at the outset that the alternative to compliance is the maximum term of

incarceration accomplishes this objective. It is, therefore, relevant to achieving a legitimate state objective.

¶16 Affirmed.

KATO, C.J., and SCHULTHEIS, J., concur.

Reconsideration denied March 2, 2006.

Review denied at 158 Wn.2d 1014 (2006).