FILED
COURT OF APPEALS
DIVISION II

2013 DEC 20 AM 8: 37

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43766-0-II |
| Appellant, | UNPUBLISHED OPINION |
| v. | |
| M.A., | |
| Respondent. | |

BJORGEN, J. — The State appeals from the order on adjudication and disposition as to MA, arguing that the juvenile court erred in not imposing a determinate amount of confinement or commitment. We affirm.[1]

Upon MA's plea of guilty to second degree incest, the juvenile court imposed a Special Sex Offender Disposition Alternative (SSODA) disposition. The standard disposition range for her offense was local sanctions.[2] The court did not impose any term of confinement or commitment, either to be served or to be suspended, leaving those portions of the form blank. It imposed 24 months of community supervision.

Believing the juvenile court erred in not imposing a term of confinement or commitment, either to be served or to be suspended, the State brought MA's disposition before the court for clarification. The court declined to amend the disposition, ruling:

> So, my recollection is I ordered the SSODA; I did not order any additional time;
> and I did not order fifty-two weeks to be suspended, and clearly, this would've–a
> Manifest Injustice, I didn't make any findings as it relates to that.
> So, I think the Order stands as it was entered on June 26th.

---

[1] A commissioner of this court initially considered the State's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

[2] *See* RCW 13.40.0357, .020.

No. 43766-0-II

Report of Proceedings (July 24, 2012) at 43-44.

The State argues that MA's disposition violates RCW 13.40.162(3), which provides in pertinent part:

> If the court determines that this special sex offender disposition alternative is appropriate, then the court shall impose a determinate disposition within the standard range for the offense ... and the court may suspend the execution of the disposition and place the offender on community supervision for at least two years.

It contends that in "'impos[ing] a determinate disposition within the standard range for the offense,'" the juvenile court must state "'with exactitude the number of actual years, months or days of total confinement.'" *State v. Lissen*, 131 Wn. App. 292, 296, 126 P.3d 1287 (2006) (quoting RCW 13.40.162(3); RCW 9.94A.030(17)). Thus, it contends that by failing to state a term of confinement or commitment, either to be served or to be suspended, MA's disposition violates RCW 13.40.162(3).

The standard disposition range for MA's offense is local sanctions, which allows for 0 to 30 days of confinement. RCW 13.40.020(17); .162(4). By leaving the terms of confinement or commitment blank, the juvenile court in effect imposed a term of 0 days of confinement, which is within the standard range. While it might have been preferable had the juvenile court written in the number 0 rather than leaving the term of confinement blank, the State does not demonstrate that MA's disposition violates RCW 13.40.162(3) such that it needs to be remanded for clarification.

We affirm.

2

No. 43766-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

WORSWICK, C.J.

JOHANSON, A.C.J.

3