FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 JUL 30 AM 8: 31

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>v.<br><br>JOSEPH DANIEL HEAD,<br><br>               Appellant. | No. 76608-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: July 30, 2018 |

LEACH, J. — Joseph Head appeals his felony sentence for possession of a controlled substance. He claims that the imposition of a mandatory $200 filing fee violates his equal protection rights because GR 34 permits a court to waive a filing fee for civil litigants. But civil litigants pay a filing fee to gain access to the courts, and courts levy the criminal filing fee only after conviction or guilty plea. So access to justice concerns provide a rational basis for a waiver of the former and not of the latter.

Head also argues that the failure of the to-convict instruction to specifically identify the controlled substance he possessed—methamphetamine—requires remand for the imposition of a misdemeanor-length sentence. Because the identity of the controlled substance is an essential element of the charged crime and its omission is not subject to harmless error analysis as to Head's sentence,

the jury verdict does not support the court's sentence. The arguments in Head's statement of additional grounds have no merit. We affirm Head's conviction, reverse his sentence, and remand for resentencing.

## BACKGROUND

The State charged Joseph Head with possession of methamphetamine, a controlled substance. At trial, Head did not challenge the identity of the controlled substance jail staff found in his possession. Instead, he based his defense on a claim of unwitting possession. The trial court's to-convict instruction did not require proof that the controlled substance Head possessed was methamphetamine.[1] The jury convicted Head as charged.

The court sentenced Head to 18 months' confinement followed by 12 months' community custody. At Head's request, the court imposed only strictly mandatory costs as part of his sentence. These included the $200 criminal filing fee. The court waived all other costs and fees based on its finding that Head was indigent.

---

[1] The to-convict instruction stated,

To convict the defendant of the crime of possession of a controlled substance, each of the following elements must be proved beyond a reasonable doubt:

(1) That on or about the 10th day of August, 2016, the defendant possessed a controlled substance; and

(2) That this act occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Head challenges the constitutionality, as applied to an indigent defendant, of a statute that requires the court impose a $200 criminal filing fee. He also challenges his sentence for a class C felony because the to-convict instruction did not require that the State prove the controlled substance he possessed was methamphetamine.

## ANALYSIS

### Criminal Filing Fee

For the first time on appeal, Head alleges that imposition of the $200 criminal filing fee on an indigent defendant violates equal protection. Generally, an appellant must first raise an objection to a court-imposed fee at trial before this court will review it on appeal.[2] An exception exists for manifest errors that affect a constitutional right.[3] But this exception requires a trial court error.[4] Before applying it, we preview and assess the claimed constitutional violation.[5] If no violation occurred, there is no manifest error. Head has not made this threshold showing.

Equal protection, guaranteed by article I, section 12 of the Washington State Constitution and by the Fourteenth Amendment to the United States Constitution, requires that similarly situated parties receive similar treatment under the law.[6] Depending on the nature of the alleged violation, courts apply one of three standards of review. Strict scrutiny applies for classifications based on a suspect

---

[2] State v. Blazina, 182 Wn.2d 827, 832, 344 P.3d 680 (2015).
[3] RAP 2.5(a).
[4] In re Det. of Brown, 154 Wn. App. 116, 121, 225 P.3d 1028 (2010).
[5] Brown, 154 Wn. App. at 121-22.
[6] See Harris v. Charles, 171 Wn.2d 455, 462, 256 P.3d 328 (2011).

class or that affect a fundamental right.[7] Intermediate scrutiny applies for classifications based on a semisuspect class or that affect a liberty right.[8] If neither of these classes or rights are implicated, rational basis review applies.[9]

Rational basis review seeks to determine if the challenged law rationally relates to a legitimate government interest.[10] This is an exceedingly deferential standard.[11] Only when a law is wholly irrelevant to maintaining a state objective or creates an arbitrary classification will a court find an equal protection violation.[12]

Head acknowledges that his claim warrants rational basis review. So the relevant inquiry is if the different treatment of criminal defendants and civil litigants is rationally related to a legitimate government interest. In this instance, it is.

RCW 36.18.020(2)(h) requires superior court clerks to collect a $200 filing fee from adult criminal defendants upon conviction or guilty plea. This is a mandatory fee.[13] Similarly, RCW 36.18.020(2)(a) requires a plaintiff initiating a civil action to pay a $200 filing fee. However, GR 34 allows a court to waive this fee for indigent civil litigants.

---

[7] Harris, 171 Wn.2d at 462 (quoting State v. Harner, 153 Wn.2d 228, 235-36, 103 P.3d 738 (2004)).

[8] Harris, 171 Wn.2d at 462 (quoting Harner, 153 Wn.2d at 235-36).

[9] See Harris, 171 Wn.2d at 462 (quoting Harner, 153 Wn.2d at 235-36).

[10] Harris, 171 Wn.2d at 463.

[11] Harris, 171 Wn.2d at 463 (citing DeYoung v. Providence Med. Ctr., 136 Wn.2d 136, 144, 960 P.2d 919 (1998)).

[12] Harris, 171 Wn.2d at 463 (quoting State v. Simmons, 152 Wn.2d 450, 458, 98 P.3d 789 (2004)).

[13] See State v. Gonzalez, 198 Wn. App. 151, 155, 392 P.3d 1158, review denied, 188 Wn.2d 1022 (2017).

Our Supreme Court adopted the GR 34 waiver to address an equal access to judicial relief concern, one not present in the criminal context: civil filing fees act as a barrier to court access for indigent persons. "[P]rinciples of due process or equal protection require that indigent litigants have access to the courts and require a complete waiver of fees."[14] Recovery of the criminal filing fee after conviction raises no similar concerns. Unlike the civil filing fee, the court levies the criminal filing fee only after a conviction or guilty plea.[15] Its recovery does not deny a criminal defendant access to the courts.

So the government has a legitimate interest for distinguishing between a waiver of a filing fee to allow indigent civil litigants equal access to the court and recouping a filing fee from a convicted defendant who received access. Also, GR 34 does not prohibit recouping fees from an unsuccessful civil litigant, with collection dependent upon ability to pay. Thus, Head's equal protection claim fails.

### To-Convict Instruction

Head claims that the trial court did not have authority to sentence him for a class C felony. He argues that because the to-convict instruction only required that the State prove that he possessed a "controlled substance" and not specifically methamphetamine, the jury's verdict supports only a misdemeanor-length

---

[14] Jafar v. Webb, 177 Wn.2d 520, 529, 303 P.3d 1042 (2013).

[15] Compare RCW 36.18.020(2)(a) (the party filing the first or initial document in any civil action . . . shall pay, at the time the document is filed, a fee of two hundred dollars), and RCW 36.18.020(2)(h) ("[u]pon conviction or plea of guilty, . . . an adult defendant in a criminal case shall be liable for a fee of two hundred dollars").

sentence—the lowest and only other punishment authorized for possession of a controlled substance. Head does not challenge his underlying conviction.

The "omission of an element from [a to-convict] instruction is of sufficient constitutional magnitude to warrant review when raised for the first time on appeal."[16] Appellate courts also review alleged instructional errors de novo.[17]

A to-convict instruction must include each essential element of the crime charged; no other jury instructions can supplement it.[18] The identity of a controlled substance is an essential element if it increases the maximum sentence a defendant may face.[19] As Head correctly notes, violation of RCW 69.50.4013 is a class C felony with a maximum sentence of 5 years' confinement unless the possession is for less than 40 grams of marijuana. Then, the crime is a misdemeanor with a maximum sentence of 90 days' confinement. The identity of the controlled substance thus determines the status of the crime and its subsequent penalty, making it an "essential element."[20]

Head contends that due to the to-convict instruction's wording, the jury's verdict does not support his sentence for a class C felony.[21] He bases this claim

---

[16] State v. Mills, 154 Wn.2d 1, 6, 109 P.3d 415 (2005).
[17] Mills, 154 Wn.2d at 7 (citing State v. DeRyke, 149 Wn.2d 906, 910, 73 P.3d 1000 (2003)).
[18] State v. Sibert, 168 Wn.2d 306, 311, 230 P.3d 142 (2010) (quoting State v. Smith, 131 Wn.2d 258, 263, 930 P.2d 917 (1997)).
[19] Sibert, 168 Wn.2d at 311-12 (citing State v. Goodman, 150 Wn.2d 774, 785-86, 83 P.3d 410 (2004)).
[20] Sibert, 168 Wn.2d at 311-12 (citing Goodman, 150 Wn.2d at 785-86).
[21] Head does not allege that the erroneous instruction necessitates a reversal of his conviction. When reviewing convictions, errors in to-convict instructions are subject to a harmless error analysis. Harmless error analysis does

-6-

on the right to a jury trial afforded by the federal and Washington constitutions. Both require that a jury's verdict authorize the sentence imposed.[22] This means that, with exceptions not applicable here, the maximum sentence a court may impose is a sentence based on facts reflected in the jury's verdict or admitted by the defendant.[23]

RCW 69.50.4013 makes possession of a controlled substance a class C felony unless the controlled substance is 40 grams or less of marijuana. In that case, RCW 69.50.4014 makes the crime a misdemeanor. So the maximum sentence for a controlled substance depends upon the identity and quantity of the controlled substance.

Here, the to-convict instruction did not require the jury to decide what controlled substance Head possessed. So he claims the jury did not make the finding about its identity needed to support a felony sentence. Indeed, the jury's verdict reflects a finding only that Head possessed a controlled substance, not that he possessed methamphetamine. Where the court imposes a sentence not supported by the jury's verdict, it must be reversed for resentencing.[24]

This case is similar to Division Two's recent decision in State v. Gonzalez.[25] There, the jury found the defendant guilty "of unlawful possession of a controlled

---

not apply to sentencing errors. See State v. Clark-El, 196 Wn. App. 614, 624-25, 384 P.3d 627 (2016).

[22] State v. Williams-Walker, 167 Wn.2d 889, 896, 225 P.3d 913 (2010).

[23] Williams-Walker, 167 Wn.2d at 896.

[24] Williams-Walker, 167 Wn.2d at 900-01.

[25] 2 Wn. App. 2d 96, 408 P.3d 743, review denied, 190 Wn.2d 1021 (2018).

substance."[26]  The to-convict instruction similarly did not identify the relevant controlled substance.  Under these circumstances, the court held that the jury's verdict supported only a misdemeanor-length sentence.[27]  We follow Gonzalez and reverse Head's sentence.

## Statement of Additional Grounds

Head filed a statement of additional grounds for review, alleging a litany of errors in the trial court proceedings.  They are without merit.

Head first alleges that a prosecution witness, Officer Shein, violated a motion in limine.  Officer Shein testified, "I first contacted Mr. Head over the phone."  Head alleges this violated the motion in limine prohibiting mention of Officer Shein's prior contact with Head.  But this technical reading of the motion does not consider context.  Defense counsel specifically directed the motion in limine to exclude mention of prior violations of a no-contact order.  Officer Shein's eight words did not approach the boundaries of this forbidden topic.  Accordingly, this argument fails.

Head also alleges an ER 403 error and a Sixth and Fourteenth Amendment violation by Officer Shein identifying and holding up trial exhibits 2, 3, and 4.  These exhibits were photographs of a small bag and substance found in Head's shoe.  Possession of a controlled substance—Head's charged crime—necessarily requires that the prosecution prove possession of a controlled substance.  These

---

[26] Gonzalez, 2 Wn. App. 2d at 104.
[27] Gonzalez, 2 Wn. App. 2d at 114.

exhibits all relate to the controlled substance found on Head. The evidence is overwhelmingly probative and is in no way unfairly prejudicial. This argument fails.

Next, Head claims there was no calibration of instruments used by the State's expert witness, Jamie Daily. But this assertion, unsupported by any evidence, does not provide a sufficient basis for us to consider the claim.[28] We therefore decline to consider it.

Head alleges a violation of a different motion in limine by the State's trial exhibit 8. But the prosecutor did not offer this exhibit as evidence. The jury heard nothing about the exhibit; the prosecutor merely informed the judge of its existence outside of the presence of the jury. So this claim fails.

Head next claims another violation of a motion in limine: this time pertaining to the prosecutor asking how much methamphetamine Head would typically use in a single sitting. Head alleges this is an improper question about prior bad acts. But Head's direct examination opened the door to this line of questioning: he specifically testified to his use of methamphetamine, and it formed the basis of part of his defense.

Head asserts a few errors about the prosecutor's reference to a pipe and torch found in Head's backpack. Head claims this violates a motion in limine. No such motion was granted. While the judge did initially postpone judgment on such

---

[28] See RAP 10.10(c) (appellate court will not consider statement of additional grounds for review unless it informs the court of the nature and occurrence of alleged errors).

a motion, he ultimately allowed the evidence in as rebuttal evidence. There was no error.

Head also makes several allegations of prosecutorial misconduct in closing argument. First, he claims the prosecutor misstated the law in closing by failing to state that Head "knowingly" possessed a controlled substance. But knowledge is not an element of RCW 69.50.4013. Unwitting possession—and thus lack of knowledge—is an affirmative defense to the crime. Second, Head seems to argue that the prosecutor referred to jury instructions out of their numerical order in closing and that this improperly "confused the jury." We disagree.

Next, Head claims that the prosecutor erred in describing "actual possession" as "physical control." Instead, Head believes the definition is "dominion and control." Head confuses the definition of "actual" versus "constructive" possession. "Dominion and control" is only a factor for determining if constructive possession exists.[29] "Physical control" is an accurate way to characterize actual possession.[30]

Head also claims the prosecutor described facts not in evidence in her closing. But the part of the record Head cites to ignores the next question and answer by the witness. When viewed within the complete context, evidence supports all of the prosecutor's challenged statements.

---

[29] See, e.g., State v. Spruell, 57 Wn. App. 383, 385, 788 P.2d 21 (1990) (citing State v. Callahan, 77 Wn.2d 27, 29, 459 P.2d 400 (1969)).
[30] See, e.g., Spruell, 57 Wn. App. at 385 (citing Callahan, 77 Wn.2d at 29).

Head's final allegations also relate to alleged prosecutorial misconduct in closing. As he failed to object to any of these comments at trial, Head must demonstrate that the challenged statements were so flagrant and ill-intentioned that a curative instruction could not have fixed any resulting prejudice.[31] He fails to do this. A majority of these claims—such that the prosecutor committed a "flagrant foul" violation by stating "the possession was not unwitting, and I ask you to find him guilty of the crime for which he's been charged"—do not merit any substantive discussion.

One claim is not entirely frivolous. Head objects to the prosecutor stating both "Mr. Head thought he had a really good hiding spot, and it was a good hiding spot," and "Mr. Head was surprised because he thought it was well hidden and he was surprised it got found." It is improper for a prosecutor to step into the shoes of a defendant and represent his thought process when those facts are not in evidence.[32] But a curative instruction could have corrected this error.[33] Head's failure to object at trial defeats his claim.

---

[31] State v. Emery, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012) (citing State v. Stenson, 132 Wn.2d 668, 727, 940 P.2d 1239 (1997)).

[32] See State v. Pierce, 169 Wn. App. 533, 554, 280 P.3d 1158 (2012).

[33] For example, instructing the jury that these were not Head's actual thoughts but inferences drawn from the evidence presented.

## CONCLUSION

We affirm Head's conviction, reverse his sentence, and remand for resentencing.

_Leach, J._

WE CONCUR:

_Schindler, J_                    _Becker, J._