# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48437-4-II |
| Respondent, | |
| v. | |
| MANUEL ANTONIO GONZALES, | PUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Manuel Antonio Gonzales appeals the imposition of a $200 criminal filing fee following his jury trial convictions for bail jumping, obstructing a law enforcement officer, and resisting arrest. We hold that the trial court did not err in imposing the $200 criminal filing fee because RCW 36.18.020(2)(h)[1] creates a mandatory legal financial obligation (LFO). We affirm. Gonzales also asks that we waive appellate costs. A commissioner will consider appellate costs in due course. *See* RAP 14.2.

## FACTS

After a jury found Gonzales guilty of bail jumping, obstructing a law enforcement officer, and resisting arrest, the State requested that the trial court impose various mandatory and discretionary LFOs. These LFOs included: (1) a $500 crime victim penalty, (2) a $200 criminal

---

[1] The legislature amended RCW 36.18.020 in 2015. LAWS OF 2015, ch. 265, § 28. Because this amendment is not relevant to the issues in this case, we cite to the current version of the statute.

filing fee, (3) a $100 deoxyribonucleic acid (DNA) testing fee, and (4) $1,500 in attorney fees and costs.

Defense counsel informed the trial court that Gonzales was born in Nicaragua, that he was orphaned at a young age and came to the United States with his aunt in the mid-1980s, and that he is now a United States citizen. Although Gonzales had worked as a janitor, he lost his job because of the criminal charges. Counsel also informed the trial court that Gonzales had "some form of a vocational certificate from Bates College" and was taking courses to improve his English. Report of Proceedings (Nov. 12, 2015) (RP) at 5. Defense counsel asked the trial court to waive the attorney fees and costs.

After verifying that Gonzales was currently unemployed and that he had no other means of paying for counsel, the trial court found that Gonzales did not have the ability to pay and waived the discretionary attorney fees and costs. The trial court then commented that it was imposing only those LFOs that were "statutor[ily] required." RP at 8. But the trial court also stated that whether the $200 filing fee was required was "debatable" and told counsel that it would listen to argument on this issue. RP at 8. Defense counsel objected "for the record." RP at 8. The State argued that the filing fee was mandatory.

The trial court imposed the $200 criminal filing fee. The trial court also imposed a $500 crime victim assessment and a $100 DNA database fee, for a total of $800 in LFOs. The trial court also entered an order of indigency allowing Gonzales to seek review at public expense.

Gonzales appeals the $200 criminal filing fee.

No. 48437-4-II

ANALYSIS

I. MANDATORY FILING FEE

Gonzales argues that the trial court erred in concluding that the filing fee was mandatory. Acknowledging that in *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013), we previously considered the filing fee to be mandatory, Gonzales argues that this conclusion was not based on any reasoned analysis. He contends that the filing fee is not mandatory because the language in RCW 36.18.020(2)(h) is ambiguous and differs from that of other mandatory LFO statutes. We disagree.

Whether RCW 36.18.020(2)(h) creates a mandatory or discretionary LFO is an issue of statutory interpretation. We review issues of statutory interpretation de novo. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). "'Our purpose in interpreting the statute is to determine and enforce the intent of the legislature.'" *In re Det. of Coppin*, 157 Wn. App. 537, 551, 238 P.3d 1192 (2010) (quoting *Rental Hous. Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 536, 199 P.3d 393 (2009)).

When interpreting a statute, we look first to the statute's plain language. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). To ascertain the plain meaning, we examine the statute's language, other provisions of the same act, and related statutes. *Coppin*, 157 Wn. App. at 552. If the statute's plain language is unambiguous, our inquiry is at an end. *Armendariz*, 160 Wn.2d at 110.

RCW 36.18.020 provides in part:

> (2) Clerks of superior courts shall collect the following fees for their official services:
>
> . . . .
>
> (h) Upon conviction or plea of guilty, upon failure to prosecute an appeal from a court of limited jurisdiction as provided by law, or upon affirmance of a conviction by a court of limited jurisdiction, an adult defendant in a criminal case *shall be liable* for a fee of two hundred dollars.

(Emphasis added.)

Gonzales argues that the use of the word "liable" is ambiguous because, unlike the phrases used in other mandatory LFO statutes, such as "there shall be imposed by the court upon such convicted person a [victim] penalty assessment"[2] and "[e]very sentence . . . must include a [DNA testing] fee,"[3] the term "'liable' can mean a situation from which a legal liability *might* arise." Br. of Appellant at 6. But this argument requires us to ignore the language immediately preceding the term "liable."

---

[2] The victim penalty assessment statute, RCW 7.68.035(1)(a), provides in part:

> When any person is found guilty in any superior court of having committed a crime, except as provided in subsection (2) of this section, *there shall be imposed by the court upon such convicted person a penalty assessment.*

(Emphasis added.) The legislature amended RCW 7.68.035 in 2015. LAWS OF 2015, ch. 265, § 8. Because this amendment is not relevant to the issues in this case, we cite to the current version of the statute.

[3] The DNA collection statute, RCW 43.43.7541, provides in part:

> Every sentence imposed for a crime specified in RCW 43.43.754 *must include a fee* of one hundred dollars. The fee is a court-ordered legal financial obligation as defined in RCW 9.94A.030 and other applicable law.

(Emphasis added.) The legislature amended RCW 43.43.7541 in 2015. LAWS OF 2015, ch. 265, § 31. Because this amendment is not relevant to the issues in this case, we cite to the current version of the statute.

RCW 36.18.020(2)(h) requires that the defendant "*shall* be liable," which clarifies that there is not merely a risk of liability because "'[t]he word 'shall' in a statute . . . imposes a mandatory requirement unless a contrary legislative intent is apparent.'" *State v Krall*, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994) (quoting *Erection Co. v. Dep't of Labor & Indus.*, 121 Wn.2d 513, 518, 852 P.2d 288 (1993)).  There is no such contrary intent apparent in the statute.[4]  Accordingly, Gonzales fails to demonstrate why we should decline to follow *Lundy*.  We therefore hold that the trial court did not err in imposing this mandatory LFO.[5]

## II.  APPELLATE COSTS

Gonzales requests that we exercise our discretion under RCW 10.73.160(1) and decline to impose appellate costs based on his continued indigency.  Under RAP 14.2, a commissioner or clerk of this court has the ability to determine whether appellate costs should be imposed based on the appellant's ability to pay and prior determinations regarding indigency.  Accordingly, a commissioner of this court, in due course, will consider whether to award appellate costs under the newly revised provisions of RAP 14.2 if the State decides to file a cost bill and if Gonzales objects to that cost bill.

---

[4] Furthermore, we have treated the filing fee as a mandatory fee since we filed *Lundy* in 2013, and the legislature has not taken any action to correct this approach.  "Where the legislature has had time to correct a court's interpretation of a statute and has not done so, we presume the legislature approves of our interpretation." *State v. Mathers*, 193 Wn. App. 913, 918, 376 P.3d 1163, *review denied*, 186 Wn.2d 1015 (2016).

[5] We note, as we did in *Mathers*, that the imposition of LFOs on indigent defendants creates a substantial burden on those defendants, regardless of whether the LFOs are mandatory or discretionary, but "we must recognize th[is] distinction[] and adhere to the principles of *stare decisis*," until there are changes in the law or Supreme Court precedent. *Mathers*, 193 Wn. App. at 916.

No. 48437-4-II

Accordingly, we affirm the imposition of the $200 criminal filing fee.

SUTTON, J.

We concur:

WORSWICK, P.J.

JOHANSON, J.

6