IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76735-6-I | |
| | ) | | |
| Respondent, | ) | DIVISION ONE | |
| | ) | | |
| v. | ) | | |
| | ) | UNPUBLISHED OPINION | |
| JASON MILLER, | ) | | |
| | ) | | |
| Appellant. | ) | FILED: July 24, 2017 | |

2017 JUL 24 AM 10:33 COURT OF APPEALS DIV 1 STATE OF WASHINGTON FILED

SCHINDLER, J. — Jason Miller appeals imposition of the mandatory $200 criminal filing fee under RCW 36.18.020(2)(h). We affirm imposition of the fee and the judgment and sentence.

Following a bench trial on stipulated facts, the court convicted Miller of three counts of identity theft in the second degree, two counts of possessing stolen property in the second degree, four counts of forgery, one count of unlawful possession of a controlled substance, and one count of unlawful use of drug paraphernalia.

At sentencing, the court waived imposition of all discretionary fees and costs. The court ordered Miller to pay the following mandatory fees: the $500 victim penalty assessment under RCW 7.68.035(1)(a), the $100 DNA[1] fee under RCW 43.43.7541, and the $200 criminal filing fee under RCW 36.18.020(2)(h).

For the first time on appeal, Miller contends the trial court erred in concluding the criminal filing fee under RCW 36.18.020(2)(h) is a mandatory legal financial obligation

---

[1] Deoxyribonucleic acid.

(LFO). RCW 36.18.020 states, in pertinent part:

> (2) Clerks of superior courts shall collect the following fees for their official services:
>
> . . . .
>
> (h) Upon conviction or plea of guilty, upon failure to prosecute an appeal from a court of limited jurisdiction as provided by law, or upon affirmance of a conviction by a court of limited jurisdiction, an adult defendant in a criminal case shall be liable for a fee of two hundred dollars.

As a general rule, we do not consider issues raised for the first time on appeal unless the alleged error is a manifest constitutional error. RAP 2.5(a); State v. Gentry, 183 Wn.2d 749, 760, 356 P.3d 714 (2015); State v. Kalebaugh, 183 Wn.2d 578, 583, 355 P.3d 253 (2015); State v. Arredondo, 188 Wn.2d 244, 262-63, 394 P.3d 348 (2017). Here, Miller does not meet his burden to show that the alleged error was "truly of constitutional dimension" or that the alleged error was "manifest." State v. O'Hara, 167 Wn.2d 91, 98, 217 P.3d 756 (2009); State v. Hart, 195 Wn. App. 449, 460, 381 P.3d 142 (2016). We decline to consider Miller's argument for the first time on appeal.

In any event, even if we were to exercise our discretion to consider the issue, we recently considered and rejected the same argument in State v. Gonzales, 198 Wn. App. 151, 153-55, 392 P.3d 1158 (2017). As in Gonzales, Miller claims the use of the word "liable" in RCW 36.18.020(2)(h) is ambiguous because unlike the language used in other mandatory LFO statutes, the term " 'liable' can mean a situation from which a legal liability might arise."[2] In Gonzales, we concluded this argument "requires us to ignore the language immediately preceding the term 'liable.' " Gonzales, 198 Wn. App. at 155. We held:

> RCW 36.18.020(2)(h) requires that the defendant "shall be liable," (emphasis added), which clarifies that there is not merely a risk of liability because "[t]he word 'shall' in a statute . . . imposes a mandatory requirement

---

[2] Emphasis in original.

2

unless a contrary legislative intent is apparent."

Gonzales, 198 Wn. App. at 155[3] (quoting State v. Krall, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994)).[4] We adhere to our decision in Gonzales.

Miller asks us to deny appellate costs. Appellate costs are generally awarded to the substantially prevailing party on review. RAP 14.2. Where, as here, a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2. Under RAP 14.2, if the State has evidence indicating that Miller's financial circumstances have significantly improved since the trial court's finding, it may file a motion for costs with the commissioner. State v. St. Clare, 198 Wn. App. 371, 382, 393 P.3d 836 (2017).

We affirm the judgment and sentence.

_Schindler, J._

WE CONCUR:

_Leach, J._                    _Becker, J._

---

[3] (Alterations in original) (internal quotation marks omitted).

[4] See also State v. Lundy, 176 Wn. App. 96, 103, 308 P.3d 755 (2013) ($200 criminal filing fee under RCW 36.18.020(2)(h) is a mandatory LFO and must be imposed regardless of the defendant's ability to pay); State v. Stoddard, 192 Wn. App. 222, 225, 366 P.3d 474 (2016) (same).