FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 JUL 31 PM 1:07

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76740-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| | ) | |
| JOSHUA DAVID CHARLES | ) | |
| RHOADES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 31, 2017 |
| | ) | |

MANN, J. — Joshua Rhoades appeals the trial court's imposition of discretionary legal financial obligations (LFOs). We hold the sentencing court did not abuse its discretion in imposing discretionary LFOs under State v. Blazina, 182 Wn.2d 827, 838, 344 P.3d 680 (2015).

## FACTS

In April 2013, a jury convicted Rhoades of assault in the second degree with a deadly weapon. Rhoades was sentenced July 10, 2013, to an exceptional sentence. As part of his sentence he was ordered to pay two mandatory LFOs: a $500 crime victim penalty assessment and a $100 DNA collection fee. Rhoades was also ordered

to pay three discretionary LFOs: a $200 filing fee, a $2400 court appointed attorney fee, and a $1,000 jail fee. Rhoades appealed.

Division Two of this court confirmed Rhoades' conviction, however the court vacated his exceptional sentence because he had not received constitutionally adequate notice of the aggravating circumstance on which the State relied. The matter was remanded to the trial court for resentencing within the standard range. Division Two adopted the trial court's finding that: "Rhoades had the ability to pay the legal financial obligations through employment in the department of corrections."

Rhoades filed a personal restraint petition on February 3, 2016, which included a claim that the trial court erred in not making an individualized inquiry into whether he could pay his LFOs. The petition was dismissed on November 9, 2016. Regarding Rhoades' LFO argument, the court held, "we rejected his challenge to his legal financial obligations in his direct appeal and he does not show that justice requires reexamination of that decision in this petition."

A resentencing hearing was held May 3, 2016. The sentencing court sentenced Rhoades to 77 months. The State asked the court to impose the same LFOs imposed at the original sentencing. The State also asked the court "to go through the colloquy with him with regard to his ability to pay."

Rhoades' counsel explained to the court that Rhoades had invested $1450 in taking a series of classes while in prison, including a specialty pastry and baking program that qualified him to get out and apply for baking jobs. The trial court specifically questioned Rhoades about his ability to pay his LFOs. The trial court asked if there is "any physical or mental or emotional reason why you can't work and hold

down a job?" Rhoades replied that there was not. The trial court then asked if Rhoades was "getting some training now?" Rhoades replied that he was getting training and will soon graduate as a certified baker. Rhoades explained that he had nine superior court cases and at even $25 per month, it added up to a total of $250 per month. Rhoades added that he also had four children and the cost of living. Rhoades also expressed concern with the standard 12 percent interest that accrue on LFOs.

The sentencing court agreed to eliminate the $1000 jail recovery fee but imposed the previously imposed mandatory LFOs, the discretionary $200 filing fee, and the $2,400 attorney fee. The court further stated that when Rhoades pays off the amounts ordered, the court will use its discretion to waive all interest accrued on the fees set in this case. The amount of restitution remained unknown to be set at a later date. The judgment and sentence listed the following preprinted finding:

> 2.5 Legal Financial Obligations/Restitution. The court has considered the total amount owing, the defendant's present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. (RCW 10.01.160).

Rhoades appeals.

## ANALYSIS

### Discretionary Legal Financial Obligations

Rhoades argues the judge in this case failed to adequately consider his current and future ability to pay as required under Blazina before imposing discretionary LFOs. We disagree.

Sentencing courts may order payment of LFOs as part of a sentence. RCW 9.94A.760. We review a decision on whether to impose LFOs for abuse of discretion.

-3-

State v. Clark, 191 Wn. App. 369, 372, 362 P.3d 309 (2015). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. Clark, 191 Wn. App. at 372. The sentencing court's factual determination concerning a defendant's resources and ability to pay is reviewed under the "clearly erroneous" standard. Clark, 191 Wn. App. at 372 (citing State v. Bertrand, 165 Wn. App. 393, 403-04, 267 P.3d 511 (2011)).

Before imposing costs on a defendant, the sentencing court must consider the defendant's individual financial circumstances and make an individualized inquiry into the defendant's current and future ability to pay. RCW 10.01.160(3); Blazina, 182 Wn.2d at 838. The court must do more than sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry. Blazina, 182 Wn.2d at 838. For this court to affirm an imposition of discretionary LFOs, the record must reflect that the trial court made this inquiry, though the court need not enter formal, specific findings. Matter of Flippo, 187 Wn.2d 106, 113, 385 P.3d 128 (2016).

While the extent of the individualized inquiry has yet to be defined, Blazina explicitly requires that the sentencing court consider factors such as length of incarceration, the defendant's other debts, including restitution, and whether the defendant meets the General Rule 34 standard for indigency. Blazina, 182 Wn.2d at 838-39. GR 34 allows a person to obtain a waiver of filing fees and surcharges on the basis of indigent status, "if someone does meet the GR 34 standard for indigency, courts should seriously question that person's ability to pay LFOs." Blazina, 182 Wn.2d at 838-39.

Here, the sentencing court recognized that Rhoades participated in training while in prison. The court specifically inquired into whether Rhoades had any physical,

-4-

mental, or emotional reason that would prevent him from holding down a job after release. The court further asked Rhoades if he would be able to make the payments. Rhoades responded that he currently had many other debts, including other financial obligations to the courts and his four children. The court acknowledged these factors, stating "I understand that you've got a lot of financial obligations." In the end the court determined, "the financial obligations here, you have the ability to make some payments. You're getting some training." The court then struck the $1000 jail recovery fee and offered to waive the interest accrued on these LFOs once they were all paid. Because the sentencing court conducted an individualized inquiry, it did not abuse its discretion in imposing the discretionary LFOs.

*Criminal Filing Fee*

Rhoades also argues that the criminal filing fee assessed under RCW 36.18.020(2)(h) is discretionary. Whether RCW 36.18.020(2)(h) creates a mandatory or discretionary LFO is a question of statutory interpretation. Our review is de novo. State v. Gonzales, 198 Wn. App. 151, 153-154, 392 P.3d 1158 (2017).

RCW 36.18.020(2)(h) provides that "an adult defendant in a criminal case shall be liable for a fee of two hundred dollars." The use of the term "shall" clarifies that there is not merely a risk of liability. "'The word 'shall' in a statute . . . imposes a mandatory requirement unless a contrary legislative intent is apparent.'" State v. Krall, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994) (quoting Erection Co. v. Dep't of Labor & Indus., 121 Wn.2d 513, 518, 852 P.2d 288 (1993)). This court has previously held that no such contrary intent is apparent in this statute, thus the fee is mandatory. See Gonzales, 198 Wn. App. at 155; State v. Lundy, 176 Wn. App. 96, 102, 308 P.3d 755 (2013).

-5-

*Appellate Costs on Appeal*

Rhoades asks this court to deny appellate costs. We generally award costs to the substantially prevailing party on review. RAP 14.2. However, when a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2. Rhoades was represented below by appointed counsel and the trial court found Rhoades indigent for the purposes of this appeal. Under RAP 14.2, if the State has evidence indicating that Rhoades' financial circumstances have significantly improved since the trial court's finding, it may file a motion for costs with the commissioner.

We affirm.

_____

WE CONCUR:

_____  _____