# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76109-9-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| WHITNEY LEE PATERNO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 23, 2017 |

PER CURIAM. Whitney Paterno appeals the victim penalty assessment (VPA), deoxyribonucleic acid (DNA) collection fee, and criminal filing fee imposed following her conviction for possession of a controlled substance with intent to deliver. For the first time on appeal, she contends the statutes authorizing these mandatory financial obligations are unconstitutional as applied to defendants who do not have the ability or likely future ability to pay them. She concedes her contention is not ripe for review under our decision in State v. Shelton, 194 Wn. App. 660, 671-74, 378 P.3d 230 (2016), review denied, 187 Wn.2d 1002, 386 P.3d 1088 (2017),[1] but contends Shelton is wrongly decided because it relied on a distinguishable case -- State v. Curry, 118 Wn.2d 911, 829 P.2d 166 (1992). We adhere to our decision in Shelton.

Regardless of whether Curry is distinguishable in some respect, it still supports Shelton's holding that an *as applied substantive due process challenge* to financial obligations is not ripe until the State attempts to collect them. Curry, 118 Wn.2d at 917; see also State v. Curry, 62 Wn. App. 676, 681, 814 P.2d 1252

---

[1] Accord State v. Lewis, 194 Wn. App. 709, 714-15, 379 P.3d 129, review denied, 186 Wn.2d 1025, 385 P.3d 118 (2016).

(1991), aff'd, 118 Wn.2d 911, 917, 829 P.2d 166 (1992). We adhere to that holding in Shelton, which applies to other mandatory financial obligations such as the criminal filing fee.[2] We also adhere to Shelton's holding that as-applied due process claims cannot constitute manifest constitutional error under RAP 2.5(a) until the State seeks to enforce collection of the fees or imposes a sanction for failure to pay.[3] While this court does have discretion to review Paterno's claim under RAP 2.5(a) in the absence of manifest constitutional error, the claim is not ripe and Paterno has not demonstrated that a significant risk of hardship will result from declining review at this time. See Shelton, 194 Wn. App. at 670; State v. Cates, 183 Wn.2d 531, 536, 354 P.3d 832 (2015).

Finally, even if Paterno's contentions were ripe for review and could be raised for the first time on appeal, they would fail under State v. Seward, 196 Wn. App. 579, 384 P.3d 620 (2016), review denied, 188 Wn.2d 1015, 396 P.3d 349 (2017) (imposition of VPA, DNA collection fee, and criminal filing fee prior to any

---

[2] See State v. Tyler, 195 Wn. App. 385, 404 n.11, 382 P.3d 699 (2016) (applying Shelton to mandatory VPA and rejecting argument that RCW 10.01.160(3) applies to mandatory financial obligations); cf. State v. Gonzales, 198 Wn. App. 151, 153-55, 392 P.3d 1158 (2017) (criminal filing fee is a mandatory financial obligation).

[3] Shelton, at 672-73 (RAP 2.5(a)(3) bars challenge to VPA, DNA fee and filing fee for the first time on appeal because the claimed error is not "manifest" "[u]ntil the State attempts to enforce collection of the . . . fee or impose sanctions for failure to pay."); accord Lewis, 194 Wn. App. at 715.

No. 76109-9–I/3

individualized determination of ability to pay is rationally related to a legitimate state interest).

Affirmed.

For the court: