# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Postsentence Review of:<br><br>DFIRSTSON FITI,<br><br>                  Respondent. | No. 57296-6-II<br><br>UNPUBLISHED OPINION |

LEE, P.J. — The Department of Corrections (DOC) filed a post-sentence petition (PSP) under RCW 9.94A.585(7), asking this court to review Dfirstson Fiti's sentence for two counts of second degree assault. DOC argues that the trial court erred by imposing 12 months of community custody instead of 18 months of community custody as required by RCW 9.94A.701(2).

We hold that the trial court erred by imposing 12 months of community custody instead of 18 months of community custody. Accordingly, we grant DOC's PSP and remand for further proceedings, including the possibility of Fiti moving to withdraw his guilty plea.

## FACTS

Fiti pleaded guilty to two counts of second degree assault. Fiti's guilty pleas were part of a plea agreement with the State in which the State agreed to 12 months of community custody. The trial court sentenced Fiti to two concurrent terms of 15 months' total confinement and two concurrent terms of 12 months' community custody.

DOC notified the parties and trial court that it believed the 12-month community custody term was an error because the community custody term for Fiti's second degree assault convictions was 18 months of community custody. The State responded that Fiti's second degree assault

convictions were "eligible" for 18 months of community custody, but that the 18-month term was not "mandatory." Pet. Ex. 2, at 1. The State noted that the 12 months of community custody were part of the plea negotiations and stated that the judgment and sentence was correct.

The Attorney General's Office (AGO), on DOC's behalf, then sent an email to the parties and trial court stating that the 18-month community custody term for Fiti's second degree assault convictions was mandatory under RCW 9.94A.701.[1] The AGO requested that Fiti's sentence be corrected. The trial court held a hearing on the matter. The trial court "found no grounds to amend or vacate [Fiti's] sentence at this time." Pet. Ex. 3, at 1.

DOC filed a PSP in this court.

ANALYSIS

DOC argues that the trial court erred by ordering 12 months of community custody. The State concedes that the trial court erred by ordering 12 months of community custody. Fiti also concedes that trial courts must impose 18-month community custody terms for violent offenses but "nonetheless opposes modification of his community custody term" because the term was part of his plea agreement with the State. Br. of Resp't Fiti at 2. We hold that the trial court erred by ordering 12 months of community custody and remand for further proceedings, including the possibility of Fiti withdrawing his plea.

---

[1] RCW 9.94A.701(2) states, in relevant part, that "[a] court shall, in addition to the other terms of the sentence, sentence an offender to community custody for eighteen months when the court sentences the person to the custody of the department for a violent offense that is not considered a serious violent offense."

RCW 9.94A.701 was amended in 2021. However, no substantive changes were made affecting this petition. Therefore, this opinion cites to the current statute.

No. 57296-6-II

We review a PSP from DOC for errors of law.[2] RCW 9.94A.585(7). "Whether a sentencing court exceeded its statutory authority under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, is an issue of law we review de novo." *In re Postsentence Review of Milne*, 7 Wn. App. 2d 521, 523, 435 P.3d 311 (2019).

RCW 9.94A.701(2) provides that

a court shall, in addition to the other terms of the sentence, sentence an offender to community custody for eighteen months when the court sentences the person to the custody of the department for a violent offense that is not considered a serious violent offense.

The word "shall" imposes a mandatory requirement unless contrary legislative intent is apparent. *State v. Gonzales*, 198 Wn. App. 151, 155, 392 P.3d 1158 (2017), *review denied*, 188 Wn.2d 1022 (2017). RCW 9.94A.701 contains no such indication of contrary legislative intent. Therefore, RCW 9.94A.701 requires the sentencing court to impose an 18-month community custody term for violent offenses. *Milne*, 7 Wn. App. 2d at 524.

Second degree assault is a violent offense. RCW 9.94A.030(58)(a)(viii).[3] Thus, RCW 9.94A.701(2) imposes a mandatory requirement for sentencing courts to order 18 months of community custody.

---

[2] PSPs must include a certification by DOC that all reasonable efforts to resolve the dispute at the superior court level have been exhausted. RCW 9.94A.585(7). DOC included this certification with its petition, and no party argues that reasonable efforts were not exhausted. Therefore, this opinion does not address the DOC's exhaustion of reasonable efforts. See RAP 12.1(a) (Generally, "the appellate court will decide a case only on the basis of issues set forth by the parties in their briefs.").

[3] RCW 9.94A.030 was amended in 2021 and 2022. However, no substantive changes were made affecting this petition. Therefore, this opinion cites to the current statute.

No. 57296-6-II

Sentencing courts can only impose sentences authorized by statute, even if a sentence is imposed pursuant to a plea agreement. *In re Postsentence Review of Thompson*, 6 Wn. App. 2d 64, 67, 429 P.3d 545 (2018).

Here, Fiti pleaded guilty to two counts of second degree assault, but the sentencing court only ordered 12 months of community custody. Because second degree assault is a violent offense, RCW 9.94A.701(2) required the sentencing court to impose 18 months of community custody. Therefore, we hold that the sentencing court erred by imposing 12 months of community custody and grant DOC's PSP.

However, because the original community custody term was imposed pursuant to a plea agreement, we remand to the trial court for further proceedings, including the possibility of Fiti moving to withdraw his plea. *See State v. Barber*, 170 Wn.2d 854, 873, 248 P.3d 494 (2011) ("Where the parties have agreed to a sentence that is contrary to law, the defendant may elect to withdraw his plea.").

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, P.J.

We concur:

Price, J.

Che, J.

4