[No. 38398.   Department One.   October 20, 1966.]

FLOYD GOOLDY et al., *Appellants*, v. GOLDEN GRAIN TRUCKING Co., et al., *Respondents*.*

*Reported in 419 P.2d 582.

*Horton & Wilkins,* by *Hugh B. Horton,* for appellants.

*Olson & Olson,* by *Roger L. Olson,* for respondents.

HUNTER, J.—This is an appeal from a verdict and judgment for the defendants (respondents) in a rear-end automobile collision case. The accident occurred near the intersection of 4th and Lewis in Pasco, Washington, on the evening of November 1, 1963. Plaintiff Eva Gooldy was driving an automobile, in which her husband Floyd was a passenger, in a westerly direction along west Lewis Street at a speed of about 18 to 20 miles per hour. Defendant Arnold J. Fricke (hereafter referred to as the sole defendant), owner and president of defendant Golden Grain Trucking Company, was following plaintiffs' automobile in a company station wagon. The two cars proceeded through a green traffic signal at the intersection of 3rd and Lewis and approached the intersection of 4th and Lewis, at which a car ahead of the Gooldy vehicle was stopped for the red traffic signal. Whether Mrs. Gooldy slowed or stopped suddenly is disputed, but defendant collided with the rear end of her car at a point some 80 to 100 feet from the inter-

section. Defendant testified that he had not expected plaintiffs' car to stop so far from the intersection, and due to the wet pavement he was unable to stop in time to avoid the collision.

Plaintiffs (appellants) Floyd Gooldy and Eva, his wife, brought suit, claiming damages for injuries received as a result of defendant Fricke's negligence. The jury returned its verdict for defendant and judgment was entered accordingly, dismissing the action with prejudice. Plaintiffs appeal.

Plaintiffs first assign error to the trial court's refusal to require the defendant, in pretrial proceedings, to produce the statement given by the defendant to his insurance carrier shortly after the date of the accident. The statement was in the possession of defense counsel when plaintiffs moved for its production under Rule of Pleading, Practice and Procedure 34, RCW vol. 0.

Defendant contends that the statement was a privileged communication, as between an attorney and his client, and that in any event no good cause for examining the statement was shown by plaintiffs, and that the trial court's ruling was therefore correct.

Plaintiffs argue that the statement was not privileged; that production thereof was necessary to prevent "trial by ambush" and to determine the reliability of the defendant's testimony.

The question of whether statements furnished by a party to his insurance carrier are privileged is one of first impression in this jurisdiction. However, under the facts of this case, this issue is not properly before us for determination. Assuming that such statements are not privileged, they are not subject to disclosure in this state unless good cause is shown for the production of the statement under Rule 34, *supra.*

Rule 34 regulates discovery and production of a party's private books, papers or documents. For this reason, additional safeguards were added to the generally broad discovery contemplated by our rules. The first limitation

contained in Rule 34 is the requirement of a showing of good cause.

The only specific ground claimed in plaintiffs' counsel's affidavit in support of his motion under Rule 34, was that production was needed because "at the time of the depositions defendant indicated he had had only one drink whereas the information furnished affiant indicates that he was in a substantially intoxicated condition . . . ." Plaintiffs' counsel made no showing of lack of cooperation, evasiveness, hostility, or inconsistency in defendant's deposition to indicate that the contents of the statement to his insurance carrier were inconsistent with his deposition. Under these circumstances, there was no showing of good cause essential under Rule 34, *supra,* to support a motion for production of the defendant's statement. See *State Farm Ins. Co. v. Roberts,* 97 Ariz. 169, 174, 175, 398 P.2d 671 at 674 (1965). The ruling of the trial court was correct.

The plaintiffs argue, however, that there was an inconsistency in the defendant's testimony as to his observation of the manner in which the plaintiffs' car was brought to a stop; and that good cause for the production of the defendant's statement was therefore shown. This argument was not made to the trial court, nor was a request for the production of the defendant's statement made on this basis. We will not consider assignments based upon arguments made for the first time on appeal. *State v. Reano,* 67 Wn.2d 768, 771, 409 P.2d 853 (1966).

Plaintiffs next contend that the trial court erred in failing to require production and examination of the defendant's accident report filed at the Pasco police station pursuant to RCW 46.52.030. Plaintiffs point out that defendant's witness, Officer Leonard, used the report to refresh his memory, and that another document in the police file on the accident, exhibit 21, was introduced into evidence over objection. Plaintiffs conclude that any privilege in regard to the report was therefore waived.

We disagree. The report in question was filed according to the requirements of a state statute. RCW 46.52-.080 provides:

> All required accident reports and supplemental reports and copies thereof shall be without prejudice to the individual so reporting and shall be for the confidential use of the county prosecuting attorney and chief of police or county sheriff, as the case may be, and the director of licenses and the chief of the Washington state patrol, and other officer or commission as authorized by law . . . . No such accident report or copy thereof shall be used as evidence in any trial, civil or criminal, arising out of an accident . . . .

As this statute discloses, such reports shall be without prejudice to the individual so reporting and for the confidential use of certain authorized individuals. The record discloses that Officer Leonard did not make an investigation at the scene of the accident, and that he had no testimonial knowledge of the accident. His examination of the report prior to trial was not therefore material to his testimony, and no prejudice resulted to the plaintiffs therefrom. These facts provided no basis for avoiding the express prohibition of the statute, *supra.*

The plaintiffs' further contention that there was a waiver of the privilege under RCW 46.52.080, *supra,* by reason of the admission of exhibit 21, is without merit. This exhibit was a simple complaint report filled out by the officer himself, filed in the same file with the defendant's accident report. It contained nothing prejudicial to either party, and, as the record discloses, was introduced solely because plaintiffs' counsel displayed it before the jury and used it to cross-examine Officer Leonard. The admission of this exhibit could in no manner constitute a waiver of the statute prohibiting the introduction of the accident report made by the defendant.

■ Plaintiffs contend that the trial court improperly commented on at least three occasions during the trial to the effect that if certain lines of inquiry were pursued, a mistrial would be declared. Plaintiffs argue that these comments prevented plaintiffs' counsel from freely conducting his examination and that a fair trial was thereby denied to the plaintiffs.

The record discloses that the comments were made out

of the presence of the jury in the course of ruling on motions made by defendant. We fail to see how the plaintiffs' counsel was prejudiced under these circumstances in being forewarned by the trial court's rulings on what it considered the law to be in order to avoid the possibility of a mistrial. The trial court did not err in its rulings in this regard.

The plaintiffs assign error to various instructions given by the trial court and its failure to give certain other proposed instructions. As argued in plaintiffs' brief, the principal contention giving rise to these assignments of error is that the trial court should have given a directed verdict on the issue of defendant's negligence. Plaintiffs argue that the facts of the instant case place it within the rule of *Miller v. Cody,* 41 Wn.2d 775, 252 P.2d 303 (1953). In the cited case, a driver was held to be negligent as a matter of law for causing a rear-end collision by failing to stop behind the forward vehicle, which was edging out into cross traffic.

The *Miller* case is not apposite. In that case, the following driver should have known that the forward car might have to come to an abrupt stop. We think the facts of the present case are more closely related to the case of *James v. Niebuhr,* 63 Wn.2d 800, 389 P.2d 287 (1964), wherein this court stated, at page 802:

> By the same token, it was error to hold the defendant guilty of negligence as a matter of law, since, if the plaintiff stopped suddenly and without warning at a place where a sudden stop was not to be anticipated, the jury was entitled to find that the defendant was not traveling closer to the plaintiff or at a speed greater than reasonable care required under the circumstances. While the following driver has the primary duty of avoiding an accident, he is not guilty of negligence as a matter of law, simply because he collides with a vehicle in front of him. [Citing four cases.]

Plaintiffs' contention is therefore incorrect. The jury was entitled to find from the conflicting evidence that plaintiffs' vehicle stopped suddenly at an unexpected place, and that defendant was not negligent.

Plaintiffs' other arguments in regard to the instructions given are lacking in merit. The trial court's instructions

correctly and adequately covered the legal issues involved. The judgment is affirmed.

ROSELLINI, C. J., HILL and OTT, JJ., and BARNETT, J. Pro Tem., concur.