[No. 38845.   Department Two.   March 30, 1967.]

BELLEVUE SCHOOL DISTRICT No. 405, *Respondent*, v. R. R. LEE
et al., *Petitioners*.*

*Beresford & Booth, Robert O. Beresford, Wayne C. Booth,*
and *Robert W. McKisson,* for petitioners.

*Reported in 425 P.2d 902.

*Preston, Thorgrimson, Horowitz, Starin & Ellis* and *Gordon G. Conger,* for respondent.

PER CURIAM.—A writ of certiorari brings for review an order adjudging public use and authorizing respondent, Bellevue School District No. 405, to acquire by condemnation *30 acres* of land owned by petitioners.

Respondent school district operates 20 grade schools, 6 junior high schools, 3 high schools, and a community college. It has sites for construction of 8 more grade schools, 3 more junior high schools, a high school, and permanent facilities for the community college.

The district has a student population of 20,000 with projected growth to 26,000 in 1970 and 35,000 to 37,000 by 1980. The court takes judicial notice of the phenomenal growth of the Bellevue area since the installation of the floating bridges across Lake Washington.

Petitioners' property, which adjoins the land heretofore acquired for a community college, is centrally located in the school district. Close to arterial roads, it would serve conveniently all existing and proposed school sites.

The district does not have a central athletic or recreational facility at the present time. The size and topography of the tract of land in question make it suitable for the district's planned use—a football field, a field house, baseball diamonds, tennis courts, "possibly a swimming pool," a natural park area for hiking and nature study, and other recreational facilities.

The school district's action to acquire petitioners' property is based upon RCW 67.20.010, which provides:

> *Authority to acquire and operate certain recreational facilities—Charges—Eminent domain.* Any city in this state acting through its city council, or its board of park commissioners when authorized by charter or ordinance, any separately organized park district acting through its board of park commissioners or other governing officers, *any school district acting through its board of school directors,* any county acting through its board of county

commissioners, and any town acting through its city council *shall have power*, acting independently or in conjunction with the United States, the state of Washington, any county, city, park district, school district or town or any number of such public organizations *to acquire any land within this state for park, playground, gymnasiums, swimming pools, field houses and other recreational facilities*, bathing beach or public camp purposes and roads leading from said parks, playgrounds, gymnasiums, swimming pools, field houses and other recreational facilities, bathing beaches, or public camps to nearby highways *by* donation, purchase or *condemnation*, and to build, construct, care for, control, supervise, improve, operate and maintain parks, playgrounds, gymnasiums, swimming pools, field houses and other recreational facilities, bathing beaches, roads and public camps upon any such land, including the power to enact and enforce such police regulations not inconsistent with the constitution and laws of the state of Washington, as are deemed necessary for the government and control of the same. *The power of eminent domain herein granted shall not extend to any land outside the territorial limits of the governmental unit or units exercising said power.* (Italics ours.)

Petitioners presented no evidence to the trial court. Their *sole* defense to respondent's petition for condemnation was an argument that the action of the school board was a manifest abuse of discretion and was arbitrary, capricious, and fraudulent.

The evidence amply supports the trial court's determination

That the use for which said land, real estate and premises . . . sought to be appropriated is real and in fact a public use, to wit, the establishment and maintenance of park, playground, athletic and other recreational facilities for the district. That the public interest requires the construction and maintenance of such facilities and that said land, real estate and premises sought to be condemned are required and necessary for that purpose.

For the first time,[1] petitioners, in their appellate brief,

---

[1] This appears from the trial record and by admission in the tape-recorded oral argument in this court.

urge that RCW 28.58.070[2] prevents respondent from condemning more than 15 *acres* of land. The contention is not even alleged in their petition for writ of certiorari.

■ An answer to a petition in eminent domain is not necessary. *PUD No. 1 of Douglas Cy. v. Cooper,* 69 Wn.2d 909, 421 P.2d 1002 (1966); *State ex rel. Washington Water Power Co. v. Superior Court,* 41 Wn.2d 484, 250 P.2d 536 (1952); *State ex rel. McPherson Bros. Co. v. Superior Court,* 148 Wash. 203, 268 Pac. 603 (1928). An answer is not required by the statute under which respondent proceeded. The landowner may, without a pleading, make any defense he sees fit to such an action. He cannot, however, make one defense in the trial court and an entirely different defense in the Supreme Court.

Petitioners chose to remain silent and did not call RCW 28.58.070 to the attention of the trial judge.

■ In a plethora of decisions, involving many varying situations, this court has steadfastly adhered to the rule that a litigant cannot remain silent as to claimed error during trial and later, for the first time, urge objections thereto on appeal. The trial court must have an opportunity to consider and rule upon a litigant's theory of the case before this court can consider it on appeal. *Browning v. Johnson,* ante p. 145, 422 P.2d 314 (1967); *State v. Morris,* ante p. 27, 422 P.2d 27 (1966); *Graves v. Elliott,*

---

[2]The legislative history of RCW 28.58.070 through 1957 is set forth in *State ex rel. Tacoma School Dist. No. 10 v. Stojack,* 53 Wn.2d 55, 330 P.2d 567, 71 A.L.R.2d 1064 (1958). Laws of 1963, ch. 41, § 1, p. 389, amended the section to read as follows:

The board of directors of any school district of this state may proceed to condemn and appropriate not more than fifteen acres of land for any elementary school purpose; not more than twenty-five acres for any junior high school purpose; not more than forty acres for any senior high school purpose; not more than seventy-five acres for any community college or vocational technical school purpose, *and not more than fifteen acres for any other school district purpose.* Such condemnation proceedings shall be in accordance with the laws of this state providing for appropriating private property for public use.

69 Wn.2d 652, 419 P.2d 1008 (1966); *Gooldy v. Golden Grain Trucking Co.,* 69 Wn.2d 610, 419 P.2d 582 (1966).

The order adjudging public use is affirmed.