Honorable Edward G. Holm Thurston County Prosecuting Attorney 2000 Lakeridge Drive SW, Building 2 Olympia, Washington 98502
Dear Prosecutor Holm:
By letter previously acknowledged, you have asked for our opinion on the following question:
 RCW 46.52.080 provides that "all required accident reports and supplemental reports and copies thereof" will be for the confidential use of the prosecuting attorney and other law enforcement officials and, therefore, presumably are not subject to public disclosure under the Public Disclosure Act (RCW 42.17). Given this language, and considering any other disclosure laws that might apply, is a police officer's report prepared pursuant to RCW 46.52.070 subject to public disclosure and copying?
 BRIEF ANSWER
We answer your question in the affirmative: Reports prepared by investigating law enforcement officers under RCW 46.52, unlike reports prepared by the drivers or passengers of vehicles involved in accidents, are subject to public disclosure and copying.
 ANALYSIS
A. The Vehicle Accident Reporting Statutes
RCW 46.52 includes several sections concerning traffic accidents and the responsibilities of drivers, passengers, and police officers when accidents occur. RCW 46.52.030 requires the operator of any vehicle involved in an accident resulting in injury, death, or serious property damage to "make a written report of such accident to the chief of police of the city or town if such accident occurred within an incorporated city or town or the county sheriff or state patrol if such accident occurred outside incorporated cities and towns." A driver is required to make an accident report "unless a report is to be made by a law enforcement officer under subsection (3) of this section". RCW46.52.030(1). Subsection (3) states that "[a]ny law enforcement officer who investigates an accident for which a report is required under subsection (1) of this section shall submit an investigator's report as required by RCW 46.52.070." RCW46.52.030(3). In other words, the investigating officer's report may substitute for the driver's own report in some cases. The reports in question are ultimately forwarded to the chief of the state patrol, who has rulemaking power to implement this section. RCW 46.52.030(4), (5). A related statute requires passengers in vehicles (except passengers for hire) to make reports when the driver of the vehicle is incapable of making the report and there are passengers capable of making the report instead. RCW46.52.040.
RCW 46.52.070 requires any peace officer "present at the scene of any accident or in possession of any facts concerning any accident whether by way of official investigation or otherwise" to "make report thereof in the same manner as required of the parties to such accident and as fully as the facts in his possession concerning such accident will permit." This section also requires police officers to report to the Department of Licensing when an accident results in a fatality or serious injury and the officer has reasonable grounds to believe the vehicle's operator caused the collision. RCW 46.52.070(2), (3).
These sections culminate in RCW 46.52.080, the statute which is the direct subject of your inquiry and which we set forth in full as Appendix A to this opinion. As the text of this statute reveals, it relates to "[a]ll required accident reports and supplemental reports and copies thereof". RCW 46.52.080. Such reports are declared to be "without prejudice to the individual so reporting" and "for the confidential use" of the prosecuting attorney and of law enforcement agencies. Id. The list of agencies with access to these reports includes the prosecuting attorney; the chief of police or the county sheriff, as might be appropriate; the director of the Department of Licensing; the chief of the state patrol; and "other officer or commission as authorized by law". Id.
The second part of the first sentence of RCW 46.52.080 creates some limited exceptions to the general rule that the reports in question are confidential. This language directs the disclosure of certain information "to any person who may have a proper interest therein", including the driver or drivers involved, the parents or guardians of minor drivers, the owners of vehicles or property damaged in the accident, or the authorized representatives, attorneys, and insurers of such interested parties. Id. This language does not make the reports available to the general public, however, but only to certain interested parties, and it limits what can be released even to them.
The second sentence of RCW 46.52.080 provides that accident reports and copies may not be used as evidence in civil or criminal trials arising out of the accident, except that officers may, for interested parties or on request of a court, provide evidence that a report has or has not been filed. However, a report can be used as evidence in a prosecution for giving false information in such a report.
With this background in mind, you have asked whether the reports prepared by police officers pursuant to RCW 46.52.030 or 46.52.070
are rendered confidential by the language cited in RCW 46.52.080. RCW 46.52.080 is not clear on this point. It renders confidential "all required accident reports and supplemental reports". The reports prepared by law enforcement officers after accidents (1) are required by RCW 46.52.030 and/or 46.52.070, and (2) concern accidents. Accordingly, some law enforcement agencies have taken the position that all reports prepared pursuant to the requirements of RCW 46.52, whether by law enforcement officers or by those involved with an accident, are confidential. RCW46.52.030(3) gives the label "investigator's report" to reports prepared under RCW 46.52.070. Thus, some have suggested that this makes such reports something other than "accident reports" within the meaning of RCW 46.52.080. The apparent rationale for the confidentiality granted in RCW 46.52.080 is to protect the privacy and candor of those who, after being involved in an accident, are required by law to set forth the details of the event in a report (details which may include matters they would prefer to keep private or which could lead to embarrassment, negative publicity, or litigation). These same factors do not similarly apply to a public officer making a report after an investigation. Thus, it is argued there is no real public purpose in making the officer's reports confidential. Although these considerations are not discussed in the recent Washington Supreme Court opinion that we believe resolves your inquiry, discussed in section C below, they nonetheless would support its conclusion.
B. The Public Disclosure Law
Your question is prompted by a need to square the foregoing language with the general policy underlying our state's Public Disclosure Law, codified as RCW 42.17. RCW 42.17 was originally enacted by the people as Initiative Measure No. 276 (Laws of 1973, ch. 1), and it contains a series of statutes concerning public access to state and local government records. See, e.g., RCW 42.17.250-.348. As a general matter, this law requires all state and local agencies to make available for public inspection and copying "all public records, unless the record falls within the specific exemptions of subsection (6) of this section, RCW 42.17.310, 42.17.315, or other statute which exempts or prohibits disclosure of specific information or records." RCW 42.17.260. The courts have held that the general rule in favor of public disclosure is to be liberally construed, and exemptions should be read narrowly. Servais v. Port of Bellingham, 127 Wn.2d 820,904 P.2d 1124 (1995). Your question raises the issue whether RCW46.52.080 provides an independent exemption for law enforcement reports prepared after accidents. The Washington Supreme Court has found that these reports are not exempt from disclosure by virtue of RCW 46.52.080.
C. The Guillen Case
A recent decision of our highest state court appears to answer your question. In Guillen v. Pierce County, No. 68535-5,2001 WL 1045031 (Wash. Sept. 13, 2001), local government agencies asserted that reports prepared pursuant to RCW 46.52 were confidential and were therefore exempt from public disclosure and privileged against discovery in civil litigation. The local governments cited RCW 46.52.080 as one basis for their assertion that these reports were exempt from public disclosure and discovery. In other words, as to those reports prepared by law enforcement officers, they raised precisely the issue your question raises.
In the course of its analysis, the Guillen Court concluded that RCW 46.52.080 does not apply to reports prepared under RCW46.52.030 or .070 by law enforcement officers. The court stated:
 We have held that the phrase "accident reports and supplemental reports" in RCW 46.52.080 refers to reports prepared pursuant to RCW 46.52.030(1) or .040 by persons involved in the accidents, not to official "police officer's reports" or "investigator's reports" prepared pursuant to RCW 46.52.030(3) or .070. Superior Asphalt Concrete Co. v. Dep't of Labor Indus., 19 Wn. App. 800, 806, 578 P.2d 59 (1978) (noting RCW 46.52.080
"mandates confidentiality of reports made by persons involved in an accident") (citing Gooldy v. Golden Grain Trucking Co., 69 Wn.2d 610, 419 P.2d 582 (1966)).
Guillen, 2001 WL 1045031 at *8. This language is a clear holding that reports prepared by law enforcement officers after vehicle accidents — the reports which are the subject of your question — are not exempt from the public disclosure law (except, of course, to the extent that some exemption other than RCW 46.52.080 might apply). In light of this holding by our state's highest court, it appears that your question must be answered in the affirmative.
We trust the foregoing will be of use to you.
Very truly yours,
JAMES K. PHARRIS Senior Assistant Attorney General (360) 664-3027