IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  34764-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARKHAM M.W. WELCH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Markham Welch appeals from three convictions for delivering or intending to deliver methamphetamine, arguing that his counsel failed him, an officer expressed improper opinion testimony, and the court erred in imposing some financial obligations.  Although we affirm the convictions, we partially agree with one of his financial arguments and remand that issue for fresh consideration.

FACTS

Mr. Welch was the subject of two controlled purchases of methamphetamine by a police informant who notified officers on the second occasion that Mr. Welch appeared to have a few ounces of the substance on hand.  Police obtained a search warrant for Welch's residence and discovered more than four ounces of methamphetamine in his bedroom.  These activities led to the filing of two counts of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver.

The case proceeded to jury trial. When questioning a detective, the prosecutor asked him how the case against Mr. Welch began. The officer testified that law enforcement had known about Mr. Welch for a long time, that there had been lots of talk about him selling drugs, but no "big activity" had been observed until earlier in the year. Report of Proceedings (RP) at 80. Defense counsel did not object to the testimony, but successfully presented a hearsay objection when the detective started to recite what informants were telling him. Much later in the testimony, when the prosecutor asked whether there were any valuables other than the drugs inside of Mr. Welch's trailer that justified a security system, the officer said "no." RP at 158. The trial court overruled counsel's objection that the testimony was speculative.

The defense theory of the case was that the informant was not a credible witness and that Welch's roommate could have possessed and sold the drugs. Unfortunately for the defense, the second transaction was recorded by the police and it included discussion by Mr. Welch about his drug sales activity; he also gave a statement to the detective indicating that he purchased one-quarter pound of methamphetamine every week for resale. He also was found in possession of the buy money from the second purchase.

The jury found Mr. Welch guilty as charged on all three counts and further found that each crime was committed within 1,000 feet of a school bus route stop. As part of the legal financial obligations (LFOs), the trial court ordered Mr. Welch to pay $200 for restitution, and a $2,000 drug fine, and imposed $800 of mandatory costs that included a

criminal filing fee. The court characterized all of these as mandatory costs. Defense counsel asked that an inquiry concerning Mr. Welch's ability to pay be conducted. The court declined to do so on the basis that all costs were mandatory.

Sentenced to a standard range term of 144 months in prison, Mr. Welch timely appealed to this court. A panel considered his appeal without hearing argument.

ANALYSIS

Mr. Welch presents issues concerning his counsel's performance, the detective's testimony, and the LFOs imposed by the court. We consider first his ineffective assistance claim and then the argument about the detective's testimony. Finally, we collectively, and briefly, consider his LFO contentions.

*Ineffective Assistance of Counsel*

Initially, Mr. Welch argues that his attorney performed ineffectively by not objecting to alleged propensity evidence. He fails to satisfy the heavy burdens this contention places on him.

Well understood standards govern our review of the Sixth Amendment guarantee of the right to counsel. An attorney must perform to the standards of the profession; counsel's failure to live up to those standards will require a new trial when the client has been prejudiced by the attorney's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for

3

finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance, the defendant must show both that his counsel erred and that the error was so significant, in light of the entire trial record, that it deprived him of a fair trial. *Id.* at 690-692. When a claim can be disposed on one of the *Strickland* prongs, a reviewing court need not consider both prongs. *Id*. at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

The allegation of ineffectiveness is based on defense counsel's failure to object to the detective's remarks concerning why Mr. Welch was investigated. It is unclear whether this was error or not. Counsel may have made a strategic decision and decided not to object on the grounds that it was best to ignore the passing remark. It also may have played into the defense theory of the case that the roommate was responsible for the big drug sales, although counsel never argued that theory later nor did he try to develop it at trial. It also is possible that the State was prepared to admit supporting evidence if this had turned into an issue. Due to the failure to object, it is simply impossible to know.

But, even if we assume that the failure to challenge the comment was error, the error did not deprive Mr. Welch of a fair trial. Much more significant evidence of his drug trafficking—from his own mouth—was presented on the recording of the second controlled buy and his interview with the detective. A large quantity of methamphetamine was found in his bedroom. The unchallenged comment simply was not so prejudicial that it deprived him of a fair trial.

4

Mr. Welch did not establish that his trial attorney provided ineffective assistance of counsel.

*Opinion Testimony*

Mr. Welch next contends that the testimony that the methamphetamine was the only item of value justifying a security system for the house was improper opinion testimony. This testimony does not rise to the level of manifest constitutional error.

The initial problem for Mr. Welch is that his counsel challenged this testimony on a different basis at trial. A proper objection must be made at trial to perceived errors in admitting or excluding evidence; the failure to do so precludes raising the issue on appeal. *State v. Guloy*, 104 Wn.2d 412, 421, 705 P.2d 1182 (1985), *cert. denied*, 475 U.S. 1020 (1986). "'[A] litigant cannot remain silent as to claimed error during trial and later, for the first time, urge objections thereto on appeal.'" *Id*. (quoting *Bellevue Sch. Dist. 405 v. Lee*, 70 Wn.2d 947, 950, 425 P.2d 902 (1967)).

An exception to this general rule exists if the issue involves a manifest error affecting a constitutional right. RAP 2.5(a). A party claiming the existence of manifest constitutional error is first required to establish the existence of error that is constitutional in nature. If such an error is demonstrated, the party must then show that the error was not harmless and actually had an identifiable and practical impact on the case. *State v. Scott*, 110 Wn.2d 682, 687-688, 757 P.2d 492 (1988); *State v. Kirkman*, 159 Wn.2d 918, 934-935, 155 P.3d 125 (2007). Witnesses are not permitted to opine as to the guilt of the

5

defendant. *State v. Black*, 109 Wn.2d 336, 348, 745 P.2d 12 (1987). Opinion testimony indirectly related to an ultimate fact is not a "manifest" constitutional error that may be raised for the first time on appeal. *Kirkman*, 159 Wn.2d at 936.

Because he challenged the testimony on a different basis at trial, we can only consider the current challenge if the testimony amounts to manifest constitutional error. *Guloy*, 104 Wn.2d at 421. This, clearly, does not. It does not express the detective's opinion that Mr. Welch was guilty. Nor does it express an opinion about any element of the State's case. It does summarize the detective's view concerning the value of personal items found in the defendant's home during the search, but it is not more than that.[1]

Mr. Welch fails to establish manifest constitutional error. The parties and the trial court correctly treated the matter as a foundational objection to the detective's basis of knowledge.

*Financial Obligations*

Lastly, Mr. Welch raises several challenges to the LFOs and fine imposed by the trial court. We have rejected most of his arguments previously and will not further address them here, even if some of the bases for raising the claims are slightly different. *See, e.g.*, *State v. Gonzales*, 198 Wn. App. 151, 153, 392 P.3d 1158, *review denied*, 188

---

[1] Even if we presumed the testimony amounted to constitutional error, it was not prejudicial for the reasons explained previously. This statement was a very small and unimportant part of a very strong case against Mr. Welch.

Wn.2d 1022 (2017); *State v. Seward*, 196 Wn. App. 579, 586-587, 384 P.3d 620 (2016);

*State v. Tyler*, 195 Wn. App. 385, 404 n.11, 382 P.3d 699 (2016); *State v. Johnson*, 194

Wn. App. 304, 374 P.3d 1206 (2016); *State v. Stoddard*, 192 Wn. App. 222, 228-229,

366 P.3d 474 (2016). However, there is one argument of merit.

Washington's version of the Uniform Controlled Substances Act, ch. 69.50 RCW,

provides that the court must impose a fine for certain drug crimes committed by a repeat

offender:

> the adult offender must be fined two thousand dollars in addition to any
> other fine or penalty imposed. Unless the court finds the adult offender to
> be indigent, this additional fine may not be suspended or deferred by the
> court.

RCW 69.50.430(2). This fine is mandatory. *State v. Mayer*, 120 Wn. App. 720, 723,

728, 86 P.3d 217 (2004); *State v. Cowin*, 116 Wn. App. 752, 760, 67 P.3d 1108 (2003).

However, the court has discretion "to waive the mandatory fine" if there is a "finding of

indigency." *Mayer*, 120 Wn. App. at 728.[2] Indigency must be determined by the

defendant's financial circumstances at the time of sentencing and not by his expected

financial condition during a term in prison. *Id*. at 728-729.

---

[2] Long predating the Sentencing Reform Act and its abolishment of most suspended or deferred sentences, RCW 69.50.430(2) still speaks in terms of deferring or suspending the fine. Under current parlance, we believe that means that the court can waive the fine on a finding of indigency. *Mayer*, 120 Wn. App. at 728.

Here, counsel asked the court to conduct an indigency inquiry. That did not happen. Since the court had the authority to waive the drug fine, it was error not to make that inquiry. Accordingly, we reverse the drug fine and remand for further consideration of Mr. Welch's financial circumstances as of the original sentencing. Given that the trial court indicated it desired to impose only mandatory costs, the trial judge may enter an order striking the fine without conducting a hearing if he so desires. Otherwise, a hearing should be held consistent with *Mayer*.

Reversed in part and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.

8