**FILED**
**JUNE 4, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  35719-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEREK W. SCHILLING, | ) | OPINION PUBLISHED IN PART |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Derek Schilling appeals from a conviction for attempting to elude a police vehicle, primarily arguing that the statute is unconstitutionally vague under recent United States Supreme Court precedent.  We affirm the conviction, but remand to strike two financial obligations.

FACTS

This case has its genesis in a vehicle chase that began after Deputy Sheriff Spencer Rassier observed a speeding Mercury Cougar on Farr Road in Spokane Valley.  He attempted to stop the vehicle, but the driver of the Cougar refused to stop and sped away.  During a U-turn, Rassier was able to see and identify the driver as Mr. Schilling.  The fleeing vehicle ultimately reached speeds of 80 to 100 m.p.h. in a 35 m.p.h. zone.  Officer

Rassier eventually called off the pursuit when it neared a hospital because Schilling was driving "recklessly."

Shortly thereafter, a deputy sheriff, Randy Watts, observed the vehicle crash while crossing train tracks. The vehicle suffered significant front end damage. The driver was not in sight, so Watts waited for Deputy Tyler Kullman and his dog, Kahn, to arrive. Kahn tracked from the open driver's door and soon located Mr. Schilling on a ridgeline of a nearby hill.

Deputy Kullman, when asked at trial, explained how the dogs track humans:

> Our dogs are trained to find human odor, especially when someone is running from us or trying to hide, they produce what we call a fear scent. They can't not produce it. Your armpits start sweating, all this stuff starts happening, your adrenaline's going, and a seasoned dog like Kahn, they pick up on that fear scent really quickly along with just the human scent they're trained from day one to track.

Report of Proceedings (RP) at 61. His testimony also explained how a person's scent, made up of the skin cells humans constantly shed, mixes with that of the newly disturbed ground to produce a unique, fresh scent for the dog. RP at 57-59.

Mr. Schilling testified that he was a passenger in the car who urged the driver, an unnamed friend, to stop driving dangerously while fleeing the police. He had to exit out the driver's door because the passenger door was damaged. He fled because he knew there was a warrant for his arrest.

2

The jury found Mr. Schilling guilty. After the trial court imposed a standard range sentence, he timely appealed to this court. A panel heard oral argument of the case.

ANALYSIS

This appeal presents a vagueness challenge to the eluding statute, alleges that two of the deputies provided improper opinion testimony, and contests two of the financial assessments of the judgment and sentence. We address the three claims in the stated order.

*Eluding Statute*

Mr. Schilling initially argues that the "driving in a reckless manner" element of the eluding statute is unconstitutionally vague in light of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). We conclude that *Johnson* did not change existing law for assessing vagueness claims.

The attempting to elude statute is found at RCW 46.61.024(1), which provides:

> Any driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and *who drives his or her vehicle in a reckless manner* while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and the vehicle shall be equipped with lights and sirens.

(Emphasis added.)

The "reckless manner" element was enacted in 2003; it replaced a previous prohibition on driving that demonstrated "a wanton or willful disregard for the lives or

3

property of others" while attempting to elude.[1]  *See* LAWS OF 2003, ch. 101, § 1 (amending

LAWS OF 1983, ch. 80, § 1).  The reckless manner element was borrowed from the

vehicular homicide and vehicular assault statutes.  *See* RCW 46.61.520(1)(b); RCW

46.61.522(1)(a).

A statute is unconstitutionally vague if (1) it does not define the offense with

sufficient definiteness so that ordinary people can understand what conduct is prohibited,

or (2) it does not provide ascertainable standards of guilt to protect against arbitrary

enforcement.  *State v. Williams*, 144 Wn.2d 197, 203, 26 P.3d 890 (2001); *City of*

*Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990).  The reviewing court

presumes that a statute is constitutional, and the party challenging the statute's

constitutionality bears the burden of proving the statute's invalidity beyond a reasonable

doubt.  *City of Seattle v. Eze*, 111 Wn.2d 22, 26, 759 P.2d 366 (1988).  The burden is a

heavy one.  *Douglass*, 115 Wn.2d at 178.

Traditionally, a defendant may only bring a vagueness challenge to the statute as it

was applied to his particular conduct.  *Id*. at 182.  This is one of two approaches to a

vagueness challenge:

> The rule regarding vagueness challenges is now well settled.  Vagueness
> challenges to enactments which do not involve First Amendment rights are
> to be evaluated in light of the particular facts of each case.  *Maynard v.*

---

[1] The "wanton and willful" standard continues to define the crime of reckless
driving.  RCW 46.61.500.

> *Cartwright*, 486 U.S. 356, 361, 108 S. Ct. 1853, 1857, 100 L. Ed. 2d 372 (1988); *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n. 7, 102 S. Ct. 1186, 1191 n. 7, 71 L. Ed. 2d 362, *reh'g denied*, 456 U.S. 950, 102 S. Ct. 2023, 72 L. Ed. 2d 476 (1982); *United States v. Powell*, 423 U.S. 87, 92-93, 96 S. Ct. 316, 46 L. Ed. 2d 228 (1975); *United States v. Mazurie*, 419 U.S. 544, 550, 95 S. Ct. 710, 42 L. Ed. 2d 706 (1975); *United States v. National Dairy Prods. Corp.*, 372 U.S. 29, 32-33, 36, 83 S. Ct. 594, 597-598, 9 L. Ed. 2d 561 (1963). *See also State v. Carver*, 113 Wn.2d 591, 599, 781 P.2d 1308, 789 P.2d 306 (1989); [*State v. Worrell*, 111 Wn.2d 537, 541, 761 P.2d 56 (1988)]. Consequently, when a challenged ordinance does not involve First Amendment interests, the ordinance is not properly evaluated for facial vagueness. Rather, the ordinance must be judged as applied. *Maynard*, 486 U.S. at 361. Accordingly, the ordinance is tested for unconstitutional vagueness by inspecting the actual conduct of the party who challenges the ordinance and not by examining hypothetical situations at the periphery of the ordinance's scope.

*Id*. at 182-83.

Using the "as applied" standard, our courts long have upheld the driving in a "reckless manner" language against vagueness challenges. *E.g.*, *State v. Jacobsen*, 78 Wn.2d 491, 498, 477 P.2d 1 (1970) (negligent homicide); *State v. Hill*, 48 Wn. App. 344, 348, 739 P.2d 707 (1987) (vehicular assault). Schilling acknowledges this authority, but suggests that it has been superseded by *Johnson*.

In *Johnson*, the United States Supreme Court faced yet another challenge to the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(b). The statute penalized certain offenders who had three or more prior "violent felony" offenses, and, in part, defined "violent felony" as a "burglary, arson, or . . . *conduct that presents a serious potential risk of physical injury to another*." *Id*. (emphasis added). In

prior cases construing the ACCA, the Court had concluded that Congress intended it

apply a "categorical" approach to assessing whether conduct fit the residual clause:

> In *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 109 L. Ed.
> 2d 607 (1990), this Court held that the Armed Career Criminal Act requires
> courts to use a framework known as the categorical approach when
> deciding whether an offense "is burglary, arson, or extortion, involves use
> of explosives, or otherwise involves conduct that presents a serious
> potential risk of physical injury to another." Under the categorical
> approach, a court assesses whether a crime qualifies as a violent felony "in
> terms of how the law defines the offense and not in terms of how an
> individual offender might have committed it on a particular occasion."
> [*Begay v. United States*, 553 U.S. 137, 141, 128 S. Ct. 1581, 170 L. Ed. 2d
> 490 (2008), *abrogated by Johnson v. United States*, 135 S. Ct. 2551, 192 L.
> Ed. 2d 569 (2015)].

192 L. Ed. 2d at 578.

*Johnson* noted that its prior case law showed great difficulty in applying the

categorical approach to residual clause cases. *Id.* at 578-81. In other words, the *statutory*

*construction tool* mandated by the statute was ineffectual. The Court then subjected the

categorical approach to the first of the traditional prongs of vagueness analysis—the

ability to understand what type of conduct fits within the statute. *Id.* at 578-79. Noting

that prior cases had difficulty in finding a methodology for applying the categorical

approach, let alone reaching consensus as to the meaning in any particular case, the court

concluded that the residual clause was vague since the necessary construction tool did not

work. *Id.* at 581-83.

Nothing in *Johnson* suggests that the "as applied" standard has been supplanted as the method for assessing vagueness challenges when First Amendment concerns are absent. The "as applied" standard was not discussed, let alone overruled or relegated to some constitutional backwater. It simply was not a relevant concern since the statute, as construed by the Supreme Court, precluded consideration of the facts of an individual case.

Mr. Schilling reads too much into the *Johnson* opinion.[2] It does not change vagueness analysis except to perhaps add an additional approach when legislation dictates that a statute be construed in a manner that precludes "as applied" consideration. It does no more than that.

In light of *Jacobsen* and *Hill*, Mr. Schilling's vagueness argument is without merit. The "reckless manner" language does not render the eluding statute vague.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

---

[2] We note that the Washington Supreme Court has continued to use the "as applied" test since the *Johnson* opinion was issued without any apparent concern that the standard has changed. *E.g.*, *State v. Evergreen Freedom Found.*, 192 Wn.2d 782, 432 P.3d 805 (2019); *State v. Murray*, 190 Wn.2d 727, 416 P.3d 1225 (2018).

*Comments on Guilt*

Mr. Schilling next argues that two of the deputies wrongly expressed comments on his guilt by describing his driving as "reckless" and testifying that the dog was tracking a "fear scent." We need not determine whether these unchallenged statements constituted error since any error is not manifest.

Well settled law governs these contentions. A proper objection must be made at trial to perceived errors in admitting or excluding evidence; the failure to do so precludes raising the issue on appeal. *State v. Guloy*, 104 Wn.2d 412, 421, 705 P.2d 1182 (1985), *cert. denied*, 475 U.S. 1020 (1986). "'[A] litigant cannot remain silent as to claimed error during trial and later, for the first time, urge objections thereto on appeal.'" *Id.* (quoting *Bellevue Sch. Dist. 405 v. Lee*, 70 Wn.2d 947, 950, 425 P.2d 902 (1967)).

An exception to this general rule exists if the issue involves a manifest error affecting a constitutional right. RAP 2.5(a). A party is first required to establish the existence of error that is constitutional in nature. If such an error is demonstrated, the party must then show that the error was not harmless and actually had an identifiable and practical impact on the case. *State v. Kirkman*, 159 Wn.2d 918, 934-35, 155 P.3d 125

(2007); *State v. Scott*, 110 Wn.2d 682, 687-88, 757 P.2d 492 (1988). A witness cannot express the opinion that the defendant is guilty. *State v. Montgomery*, 163 Wn.2d 577, 591, 594, 183 P.3d 267 (2008). Opinion testimony indirectly related to an ultimate fact is not a "manifest" constitutional error that may be raised for the first time on appeal. *Kirkman*, 159 Wn.2d at 936. Instead, in order to constitute manifest error, the testimony must be a "nearly explicit" comment on credibility. *Id*.

Both of the comments Mr. Schilling now challenges were consistent with his own testimony. He testified that he urged his buddy to stop because the driving scared him. He admitted that he was in the car and fled from the police because of his arrest warrant; he was the one the dog tracked. Neither of the now-challenged comments addressed issues of import at the trial. The contested issue in this case was the identity of the driver, not the manner of his driving, nor the fact that Mr. Schilling fled the car after the crash.

The alleged errors are not manifest.

*Financial Assessments*

Mr. Schilling also argues that the trial court cannot impose the filing fee and DNA collection fee in light of legislation passed subsequent to his sentencing. Those statutory changes do apply retroactively to cases on appeal. *State v. Ramirez*, 191 Wn.2d 732, 735, 426 P.3d 714 (2018). Accordingly, we direct that the two fees be struck.

No. 35719-8-III
*State v. Schilling*

The conviction is affirmed. Remanded to strike the noted financial assessments.

Korsmo, J.

WE CONCUR:

Fearing, J.

Siddoway, J.