IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36489-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM VERN GADBERRY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — William Gadberry appeals from a conviction for second degree assault, contending that evidence was improperly admitted and that his attorney performed deficiently. We affirm.

FACTS

The victim, Ms. Quinn Learn, lived in the basement of the home of Jeanne Gadberry, a woman for whom Learn provided caregiving services in exchange for room and board. Two of Gadberry's sons, Steven and William, also lived in the basement. When Ms. Gadberry was hospitalized due to medical complications, her other children decided to sell the house. Eviction notices were served on all those living in the building.

An agitated William Gadberry confronted Learn on June 19, 2018, about missing jewelry; she attempted to lock herself in her room. According to her, William jumped on

her and started to squeeze her neck, cutting off her air supply. He then put one of her belts around her neck and attempted to tighten it; she used her hand to prevent the belt from closing too tightly. At Learn's urging, Steven called the police.

During cross-examination, defense counsel asked Learn why his client had gotten upset. Learn responded that they had been talking about the missing jewelry, leading him to become upset. She tried to avoid him because it was "not the first time he's ever assaulted me." Report of Proceedings (RP) at 138. Counsel then received permission to question Learn about prior arguments not recounted during her direct examination. Learn testified that Gadberry "has a history of arguing with everybody" and that he had hit her a couple of times. RP at 145.

In contrast, William Gadberry testified that he confronted Learn about jewelry his siblings reported missing and she punched him, beginning an altercation. The two fell to the floor and she began hitting him with a belt. He testified that he never put his hands on her neck to strangle her, but did use the belt on her neck to "control" her. She was a larger person than he was.

The incident resulted in charges of second degree assault, attempted second degree murder, and harassment. The case proceeded to jury trial in the Spokane County Superior Court. Deputy Sheriff Christopher Johnston testified to the injuries suffered by both Learn and Gadberry. He characterized the scratches on Gadberry's face as "defensive wounds." Detective Mike Ricketts conducted the follow up investigation. He

2

testified that the injuries to Learn's neck were consistent with manual strangulation and that the injuries were serious, in the "upper 15 percent" of strangulation injuries that could be photographed. RP at 174-175.

The defense obtained instructions on self-defense and argued the case to the jury on that theory. The jury acquitted Gadberry on the attempted murder and harassment counts, but convicted him of second degree assault.

Mr. Gadberry timely appealed to this court. A panel considered his case without hearing argument.

## ANALYSIS

This appeal raises claims of improper opinion testimony by Deputy Johnston and ineffective assistance by trial counsel. We address those claims in the order listed.

*Testimony of Deputy Johnston*

Mr. Gadberry first contends that Johnston's testimony about "defensive wounds," when coupled with his testimony that he was trained to identify the aggressor, amounted to an opinion that the defendant was guilty. Gadberry did not challenge the testimony at trial and cannot now establish manifest constitutional error.

Two related legal principles govern our review. The first is the recognition that a proper objection must be made at trial to perceived errors in admitting or excluding evidence; the failure to do so precludes raising the issue on appeal. *State v. Guloy*, 104 Wn.2d 412, 421, 705 P.2d 1182 (1985). "'[A] litigant cannot remain silent as to claimed

error during trial and later, for the first time, urge objections thereto on appeal.'" *Id.* (quoting *Bellevue Sch. Dist. 405 v. Lee*, 70 Wn.2d 947, 950, 425 P.2d 902 (1967)). A trial judge's decision to admit or exclude evidence is reviewed for abuse of discretion. *Diaz v. State*, 175 Wn.2d 457, 462, 285 P.3d 873 (2012). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The second principle is that appellate courts review trial court rulings. Where, as here, there is no trial court ruling to challenge, appellate review normally is not available. RAP 2.5(a). There are certain exceptions to this doctrine that recognize a small class of errors that can be reviewed even in the absence of a trial court challenge. The most common of those exceptions, found in RAP 2.5(a)(3), permits review of a manifest error affecting a constitutional right. A party claiming the existence of manifest constitutional error is first required to establish the existence of error that is constitutional in nature. If such an error is demonstrated, the party must then show that the error was not harmless and actually had an identifiable and practical impact on the case. *State v. Kirkman*, 159 Wn.2d 918, 934-935, 155 P.3d 125 (2007); *State v. Scott*, 110 Wn.2d 682, 687-688, 757 P.2d 492 (1988).

Mr. Gadberry argues that this is an instance of manifest constitutional error because witnesses are not permitted to opine as to the guilt of the defendant. *State v. Black*, 109 Wn.2d 336, 348, 745 P.2d 12 (1987). Such testimony invades the jury

4

functions of determining credibility and guilt or innocence. *Kirkman*, 159 Wn.2d at 927;

*Black*, 109 Wn.2d at 348. However, opinion testimony *indirectly* related to an ultimate

fact is not a "manifest" constitutional error that may be raised for the first time on appeal.

*Kirkman*, 159 Wn.2d at 936.

The fact that Mr. Gadberry has to combine disparate portions of the deputy's

testimony to raise this contention defeats his argument by demonstrating there was no

direct testimony opining who was the aggressor. A far closer question was presented in

*Kirkman*. There, our court concluded that testimony that the child victim's report of

sexual abuse was "consistent" with the medical findings did not amount to a comment on

the victim's credibility.

Moreover, the testimony was not particularly harmful to the defense. Both parties

testified that Mr. Gadberry used the belt on Ms. Learn's neck. The fact that a person

being strangled would lash out and scratch the assailant's face in defense was consistent

with the uncontested fact that Gadberry choked Learn with the belt. It did not speak to

the question of who started the fight and whether Gadberry's use of the belt constituted

lawful self-defense. This testimony was not harmful.

The alleged error was not manifest.

*Ineffective Assistance of Counsel*

Despite the fact that the jury acquitted on the attempted murder and harassment

charges, Mr. Gadberry alleges that he was the victim of ineffective assistance of counsel

5

due to failure to challenge some of the previously mentioned trial testimony from the two officers and the victim. This claim, too, is without merit.

An attorney's failure to perform to the standards of the profession will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). Courts must be highly deferential to counsel's decisions when evaluating ineffectiveness claims. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts evaluate counsel's performance using a two-prong test that requires determination whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id*. at 690-692. When a claim fails one prong, a reviewing court need not consider both *Strickland* prongs. *Id*. at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007). If the evidence necessary to resolve the ineffective assistance argument is not in the record, the claim is not manifest and cannot be addressed on appeal. *McFarland*, 127 Wn.2d at 334.

Mr. Gadberry contends that his counsel erred by failing to challenge (1) Johnston's testimony concerning the defensive wounds; (2) Learn's testimony that there were prior assaults; and (3) Rickett's testimony about the photographs. It is an exceptionally difficult proposition to establish error in this regard absent evidence from the trial attorney. As the *Strickland* court noted, no two lawyers would try a case in the same manner. 466 U.S. at

6

689. Accordingly, discerning such error from an undeveloped appellate record is largely a fruitless undertaking because the decision to object is a "classic example of trial tactics." *See State v. Madison*, 53 Wn. App. 754, 763, 770 P.2d 662 (1989). "Only in egregious circumstances, on testimony central to the State's case, will the failure to object constitute incompetence of counsel." *Id*. A reviewing court presumes that a "failure to object was the product of legitimate trial strategy or tactics, and the onus is on the defendant to rebut this presumption." *State v. Johnston*, 143 Wn. App. 1, 20, 177 P.3d 1127 (2007) (citing cases).

All of Gadberry's arguments run right into this presumption and the even stronger *Strickland* presumption that counsel performed effectively. All of the challenged evidence also fails the *Madison* centrality argument. The testimony of Johnston and Ricketts addressed the uncontested fact that Gadberry used a belt around Learn's neck during their altercation. None of that testimony addressed the question of who started the fight.

Learn's testimony concerning the previous altercations allowed defense counsel to raise the issue of prior conflict between the two in support of his self-defense claim and fit in with his client's subsequent testimony that Learn was bigger than he was and had fought him before. The decision to run with the testimony when Learn opened the subject up was clearly a tactical one by counsel who used the testimony to examine Learn outside the scope of her direct examination testimony. Accordingly, counsel's tactical

decision was not error under *Strickland*. The information concerning prior physical conflicts also was highly relevant to the need to use force in self-defense, a defense that apparently was successful as to the far more serious offense of attempted second degree murder.

Gadberry has not established that his counsel erred, nor has he shown any prejudicial harm from the alleged errors. Since he needed to establish both, his claim of ineffective assistance fails.

The conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, C.J.

8